Argued and submitted August 20, convictions affirmed and remanded for resentencing November 17, 1993

## STATE OF OREGON,
*Respondent,*

*v.*

## KENNETH JAY RICKERD,
*Appellant.*

(89P-3117; CA A74502)

862 P2d 1324

David E. Groom, Deputy Public Defender, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Timothy A. Sylwester, Assistant Attorney General.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

De MUNIZ, J.

## De MUNIZ, J.

A jury found defendant guilty of sodomy in the first degree, ORS 163.405(1)(a), and sexual abuse in the first degree. ORS 163.425(1)(a).[1] He appeals the 20-year determinate sentence imposed on the sodomy conviction.

The state requested that the court sentence defendant as a dangerous offender under ORS 161.725 and order that the sentence be determinate under ORS 137.635(1). Defendant committed the crime before January 1, 1990. The court specifically held that the "correct" sentencing grid blocks were not applicable, because the offenses were not subject to sentencing guidelines. It found that defendant was a dangerous offender subject to ORS 161.725 and that ORS 137.635 applied.

On appeal, the state concedes that the sentence was based on ORS 137.635 and that that statute does not apply to crimes committed before January 1, 1990. The legal point is obvious and not reasonably in dispute and is, thus, an error apparent on the face of the record. ORAP 5.45(2); *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990). We address the error and accept the state's concession, because defendant was substantially prejudiced when he was sentenced under a statute not yet in effect. *State v. Gouveia,* 116 Or App 86, 840 P2d 753 (1992).

We reject defendant's suggestion that we employ the "most convenient remedy" by simply deleting the word "determinate" from his sentence.

Convictions affirmed; remanded for resentencing.

---

[1] ORS 163.425 now describes sexual abuse in the second degree. Sexual abuse in the first degree is in ORS 163.427. Or Laws 1991, ch 830, §§ 2, 3.