Argued and submitted on November 30, sentences in Case Number A127874
vacated; remanded for resentencing; otherwise affirmed December 27, 2006

## STATE OF OREGON,
*Respondent,*

*v.*

## DAVID LESTER FULTS,
*Appellant.*

04CR1586, 04CR1689;
A127874 (Control), A127875
(Cases Consolidated)

149 P3d 1248

Ernest G. Lannet, Deputy Public Defender, argued the cause for appellant. With him on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, argued the cause for respondent. On the brief were Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Seann C. Colgan, Assistant Attorney General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

This is a criminal case in which defendant appeals judgments in two cases that have been consolidated for purposes of appeal. The sole issue on appeal pertains to the lawfulness of one of the sentences in one of the cases. We agree with defendant that that sentence is unlawful and therefore vacate the sentences in that case, ORS 138.222(5), and remand for resentencing.

In Case Number A127874, defendant was convicted of manufacture of a controlled substance (MCS), reckless driving, and driving under the influence of intoxicants. In Case Number A127875, defendant was convicted of felon in possession of a firearm and criminal trespass with a firearm. On the MCS conviction, the trial court imposed a 36-month term of supervised probation. The trial court determined that defendant's grid block classification on the MCS conviction was 4-F. Although the presumptive sentence for that classification is 24 months' supervision, the trial court imposed a 36-month term—apparently because that was the term to which defendant was subject under another of his convictions—and defendant indicated that he had no objection to the sentence:

> "[THE COURT]:  On [Case Number A127874], it will be the judgment of the Court that you be sentenced to probation to a period of 24—it ended up 36 months, because I believe Felon in Possession is a 6, which is three years probation—36 months probation. So * * * I'm going to make it the same for all of them.
>
> "[DEFENDANT'S COUNSEL]:  We have no objection to that whatsoever."

On appeal, defendant argues that the trial court's imposition of a 36-month term of probation is unlawful. He concedes that he did not object before the trial court, but he contends that we should review the matter as plain error apparent on the face of the record. In response, the state does not contest that the sentence was erroneous. Further, the state concedes that the error is not harmless. Nevertheless, the state argues that we should affirm the sentence because defendant "either waived his claim of error, or invited the

asserted error" when he expressly indicated a lack of objection to the sentence. We conclude that the sentence was plainly erroneous and that defendant's express lack of objection constituted neither a waiver nor invited error.

■     This court may, in its discretion, consider an unpreserved claim of error when the asserted error is, on the face of the record, "obvious" and "not reasonably in dispute." *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381, 823 P2d 956 (1991).

Under the sentencing guidelines, the presumptive sentence is the maximum sentence the court may impose absent aggravating factors. OAR 213-008-0001; *see State v. Buehler*, 206 Or App 167, 171, 136 P3d 64 (2006) (trial court lacks the authority at sentencing to impose anything more than the presumptive sentence in the absence of additional factfinding related to aggravating factors). The sentence imposed by the trial court obviously exceeded the presumptive sentence, and nowhere in the record does the court cite any aggravating factors in support of a departure. The sentence was thus plainly erroneous.

■■     Although defendant expressly indicated that he did not object to the sentence, he cannot fairly be said to have either "waived" or "invited" the error. "Waiver" refers to the "voluntary relinquishment of a known right." *Bennett v. Farmers Ins. Co.*, 332 Or 138, 156, 26 P3d 785 (2001). Failing to object—even expressly so—is not necessarily the same thing as affirmatively waiving a right. *State v. Adams*, 339 Or 104, 116 P3d 898 (2005), is instructive in that regard. In that case, the state moved for a postponement of trial. The defendant responded that he "does not object to this reset request." When the defendant later moved to dismiss on speedy trial grounds, the state argued, among other things, that the defendant had consented to the delay or waived any right to object to it. The Supreme Court disagreed, explaining that "a lack of objection is just (and only) that: a lack of objection. It conveys no message that the defendant either joins in the motion or waives any rights that he has that are affected by the motion." *Id.* at 109; *see also State v. Barber*, 209 Or App 262, 147 P3d 915 (2006) (the defendant's express lack of objection to proceeding to a trial on stipulated facts did not constitute a waiver of his right to a trial by jury). In this case,

as in *Adams*, defendant plainly stated that he did not object, but he said nothing more than that. As in *Adams*, therefore, the statement that defendant in this case had no objection cannot be taken to signify a waiver of any rights that he has in relation to the sentence.

■■■ Nor can it fairly be said that defendant invited the court's error. "Invited error" occurs when an appellant is "actively instrumental in bringing about the error." *Barber*, 209 Or App at 267 n 2. That doctrine is applicable when a party has consciously or actively "invited" the trial court to rule in a particular way. *State v. Ferguson*, 201 Or App 261, 269, 119 P3d 794 (2005), *rev den*, 340 Or 34 (2006). The purpose of the doctrine is thus to "ensure that parties do not 'blame the court' for their intentional or strategic trial choices that later prove unwise and then, to the trial court's surprise, use the error that they invited to obtain a new trial." *Id.* at 270. In this case, defendant reacted to the unlawful sentence by declining to object. Defendant, however, had not actively sought such a sentence, nor is there any indication that defendant's failure to object constituted a strategic choice for which defendant now seeks to shift the blame.

■■■ Having concluded that the court plainly erred in imposing the sentence and that defendant neither waived nor invited that error, there remains only the question whether it is appropriate for us to exercise our discretion to address the error. *See Ailes*, 312 Or at 382. We conclude that it is appropriate. The state has no valid interest in requiring defendant to serve an unlawful sentence. *See State v. Ramirez*, 205 Or App 113, 125, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006).

Sentences in Case Number A127874 vacated; remanded for resentencing; otherwise affirmed.