Submitted on remand from the Oregon Supreme Court January 16, affirmed April 16, 2008

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DAVID LESTER FULTS,
*Defendant-Appellant.*

Coos County Circuit Court
04CR1586, 04CR1689
A127874 (Control); A127875

182 P3d 267

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Ernest G. Lannet, Deputy Public Defender, Office of Public Defense Services, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, Seann C. Colgan, Assistant Attorney General, and Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

This case is on remand from the Supreme Court, *State v. Fults*, 343 Or 515, 173 P3d 822 (2007), following its reversal of our decision, 210 Or App 150, 149 P3d 1248 (2006), in which we exercised our discretion under ORAP 5.45(1) to review defendant's unpreserved objection to the length of the probation period imposed by the trial court with respect to his conviction for manufacture of controlled substances (MCS).

In our opinion, we held that the trial court's sentencing of defendant to a term of 36 months' probation on his MCS conviction, thereby exceeding the presumptive sentence of 24 months set out in the sentencing guidelines, without finding, on the record, "substantial and compelling reasons to impose a departure," as required by OAR 213-008-0001, was an error of law apparent on the face of the record. 210 Or App at 153. The trial court had explained that it was imposing the 36-month probation sentence because that was the period of probation to which defendant was subject under another of his convictions, for felon in possession of a firearm. Defendant indicated to the trial court that he had "no objection to that whatsoever." We rejected the state's contention that defendant had waived or invited the error. *Id.* at 153-54. We concluded that, because the state has "no valid interest in requiring defendant to serve an unlawful sentence," it was appropriate to exercise our discretion to address the error. *Id.* at 154. We vacated the sentence and remanded the case for resentencing.

On the state's petition, the Supreme Court allowed review. The court did not question our conclusion that defendant did not invite error; it did, however, note that, in light of defendant's expressed desire to receive as short a period of jail time as possible as a condition of probation, "there is a significant possibility that defendant's failure to object [to the lengthier probation period] *was in fact* a strategic choice." 343 Or at 520 (emphasis in original). The court chose, however, not to engage in "a '*Gornick*-style' inquiry into whether the fact that defendant may have had a strategic reason not to object means that there was no error at all." *Id.* That

inquiry, the court reckoned, would be less helpful than simply proceeding directly to a review of our determination to exercise our discretion to review the error. The court assumed, therefore, for purposes of this case, that the trial court committed plain error, and then turned to a review of our decision to review the error. *Id.*

The court noted the factors listed in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), that bear on our exercise of discretion:

> " '[T]he competing interests of the parties; the nature of the case; the gravity of the error; the ends of justice in the particular case; how the error came to the court's attention; and whether the policies behind the general rule requiring preservation of error have been served in the case in another way, *i.e.*, whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error.' "

343 Or at 522 (quoting *Ailes*, 312 Or at 382 n 6). The court commented that the factors that may be significant in this case are:

> "(1) defendant's apparent encouragement of the judge's choice; (2) the role of the concurrent, permissible 36-month probationary sentence; (3) the possibility that defendant made a strategic choice not to object to the sentence; and (4) the interest of the judicial system in avoiding unnecessary repetitive sentencing proceedings, as well as its interest in requiring preservation of error."

343 Or at 523. The court expressed concern that, in deciding to exercise our discretion to review the error, we had relied exclusively on a single factor—the state's lack of a valid interest in requiring defendant to serve an unlawful sentence—that, the court said, "contributes little or nothing" to the analysis under ORAP 5.45(1). *Id.* The court concluded that our decision to consider defendant's unpreserved claim of error based on that single rationale was an abuse of discretion, and remanded the case to us to explore, if we desire, some other justification for our decision, after weighing all the relevant factors.

With that clarified understanding of our role in cases in which we are asked to exercise our discretion under ORAP

5.45(1), we now reconsider whether we should exercise our discretion to consider defendant's unpreserved error. On reconsideration, we choose not to exercise our discretion, based on the following factors: First, although defendant did not invite the error, in that he did not actively invite the court to rule in a particular way, defendant's wholehearted agreement with the proposed probation period in effect encouraged the court to impose the lengthier and erroneous probation period. Second, as the court noted, given defendant's request to the trial court that he be released from jail as soon as possible, it is possible that defendant made a "strategic choice" to forgo his objection to the excessive probationary period as a trade-off for a shorter period of confinement in jail as a condition of probation. Finally, in light of the existence of the concurrent, unchallenged 36-month probationary sentence on the felon-in-possession conviction, we conclude that the gravity of the error as to the MCS conviction is slight and that it is highly unlikely that a remand would make any practical difference—rather, a remand would merely result in "unnecessary repetitive sentencing proceedings." *Fults*, 343 Or at 523.

Affirmed.