Submitted on remand August 7, remanded for resentencing; otherwise affirmed December 24, 2008, petition for review denied March 26, 2009 (346 Or 116)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## JARROD RAYMOND BROWN,
*Defendant-Appellant.*

Lincoln County Circuit Court
030917; A125121

198 P3d 953

George W. Kelly for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, Paul L. Smith, Assistant Attorney-in-Charge, Criminal Appeals, for respondent.

Before Wollheim, Presiding Judge, and Brewer, Chief Judge, and Landau, Judge.*

WOLLHEIM, P. J.

---

* Brewer, C. J., *vice* Ortega, J.

## WOLLHEIM, P. J.

This case returns to us on remand from the Supreme Court. *State v. Brown*, 344 Or 670, 189 P3d 25 (2008). After a trial to the jury, defendant was convicted of two counts of sodomy in the first degree. ORS 163.405. The court sentenced defendant and imposed an upward departure sentence. On appeal, defendant argues that the upward departure was erroneous because it was based on facts that defendant did not admit and that had not been found by a jury, in violation of the Sixth Amendment as enunciated in *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), and *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004). In a per curiam opinion, *State v. Brown*, 212 Or App 494, 157 P3d 1237 (2007), we relied on our opinion in *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), to exercise our discretion to correct that unpreserved error. We vacated defendant's sentence and remanded for resentencing. *Brown*, 212 Or App at 495.

On the state's petition for review, the Supreme Court vacated our decision and remanded the case to us for consideration in light of its decision in *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008). We have considered the Supreme Court's clarifications in *Ramirez*, specifically focusing on whether we properly exercised our discretion to review defendant's "alleged error," *id*. at 512, and we remand for resentencing and otherwise affirm.

### RAMIREZ

We begin with *Ramirez*. The Supreme Court in that case explained that, in determining whether to exercise our discretion to consider an unpreserved assignment of error based on a claimed infringement of the right to findings by a jury at a sentencing hearing, we must consider the state's interest in avoiding an unnecessary remand if there can be no real debate as to what findings a jury would make. *Ramirez*, 343 Or at 513. Relevant to our analysis, the Supreme Court observed that the trial court in *Ramirez*

"found that the defendant caused permanent injury to the victim, that the victim was particularly vulnerable, and that [the] defendant was persistently involved in criminal activities. The [trial] court also stated that, in its view, *any of the findings, standing alone, justified an upward departure sentence.*"

343 Or at 508 (emphasis added). The Supreme Court went on to state that "[t]he undisputed evidence in the record * * * is that the victim lost her right eye" as a result of defendant's assaultive conduct towards her, and that that loss was "unquestionably" permanent. 343 Or at 513. The Supreme Court reasoned that it made "little real-world sense" for this court to exercise our discretion and remand the case to the trial court for jury findings at a sentencing hearing: "When, as in this case, the evidence on a sentencing factor is overwhelming, it would not advance the ends of justice to remand for an unnecessary hearing." 343 Or at 514.

## FACTS

We turn to the facts of this case. Defendant's convictions arose from an incident that occurred when the victim, defendant, and a number of others attended a small party. The then-19-year-old victim had been drinking heavily that evening, was intoxicated, and fell asleep during the party. The victim's sister said that she was concerned for her sister and placed pillows around her to prevent her from falling off the bed. After the victim had fallen asleep, defendant, who was staying at the apartment temporarily, suggested that the party-goers go "four-wheeling" in his truck. By the time the party-goers—including the victim's sister—agreed to go four-wheeling, defendant decided not to go and suggested that they use his truck and go four-wheeling without him. The party-goers left, leaving defendant and the victim alone in the apartment.

Later that night, the victim awoke to find defendant in the bed sodomizing her. At that time, the victim was clothed only in her shirt, although she had been wearing a shirt, skirt, and underwear when she had fallen asleep. The victim struggled to push defendant away and eventually succeeded in doing so. Defendant left the room, and the victim

sought help from an acquaintance who lived in the same apartment complex.

Following a jury trial, defendant was convicted of two counts of sodomy in the first degree. The trial court imposed an upward departure sentence of 130 months' imprisonment on Count 2. On Count 1, the court imposed an upward departure sentence of 240 months' imprisonment. As to both counts, the court based the departures on its findings that defendant was not amenable to rehabilitation and that the victim was particularly vulnerable. The record does not indicate whether the trial court would have imposed the same departure sentence if it had found only that the victim was particularly vulnerable, or only that defendant was not amenable to rehabilitation, or whether the court imposed the sentence only in light of the combination of both aggravating factors. Defendant did not object that the court—as opposed to a jury—made those findings. Defendant did object to the imposition of the departure sentence on the ground that the evidence did not support the court's findings as to either aggravating factor.

## THE STATE'S ARGUMENT

On remand, the state argues that defendant's unpreserved assignment of error does not appear on the face of the record, that it is therefore not plain error, and that this court has no discretion to review it. However, the state acknowledges that, in its petition for review to the Supreme Court, it conceded that "*if* defendant's claim qualified for plain-error review it would [be] an abuse of discretion for [the Court of Appeals] not to review the claim in this case." (Emphasis in original.)

The state also acknowledges that the Supreme Court's remand instructions to this court focused solely on its decision in *Ramirez*. That is to say, the Supreme Court focused on the proper exercise of this court's discretion to review a defendant's claim of plain error, 343 Or at 512; the Supreme Court did not reverse our first decision in this case on the ground that defendant's claimed error was not plain error. The state, however, invites us to reconsider our reasoning in *Ramirez* "in light [of] more recent plain-error case-law[,]" and specifically in light of our decision in *State v.*

*Raney,* 217 Or App 470, 473-74, 175 P3d 1024 (2008) (holding that the defendant's unpreserved objection to the admission of a lab report was not plain error because multiple inferences may be drawn as to why the defendant did not object). We decline the state's invitation to revisit *Ramirez* and proceed to determining whether plain error occurred in this case.

## PLAIN ERROR ANALYSIS

■       ORAP 5.45(1) provides, in part, that "the appellate court may consider an error of law apparent on the face of the record" when (1) the error is one of law; (2) the error is apparent, that is, the legal point is obvious and not reasonably in dispute; and (3) the error appears on the face of the record—it does not require the court to go outside the record or select among competing inferences. *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990). If the error satisfies those criteria, we "may" consider it. *Id.* Factors relevant to whether an appellate court properly should exercise its discretion to correct plain error include the nature of the case, the competing interests of the parties, the gravity of the error, and the ends of justice in the particular case. *Ailes v. Portland Meadows, Inc.,* 312 Or 376, 382 n 6, 823 P2d 956 (1991). We also consider whether the defendant encouraged the trial court's imposition of the erroneous sentence, the possibility that the defendant made a strategic choice not to object to the sentence, the role of other sentences in the case, and the interests of the judicial system in avoiding unnecessary repetitive sentencing proceedings. *State v. Fults,* 343 Or 515, 523, 173 P3d 822 (2007).

■       Accordingly, we first consider whether defendant's unpreserved error is error apparent on the face of the record. In so doing, we are mindful that we determine error by reference to "the law existing at the time the appeal is decided[,]" and not as of the time of trial. *State v. Jury,* 185 Or App 132, 136, 57 P3d 970 (2002).

■       The parties do not dispute that the error is one of law and that the legal point is obvious and not reasonably in dispute. Thus, the pertinent question here is whether identifying the error requires this court to select among competing inferences. In answering that question, we consider whether the record shows that defendant knew, at the time that the

trial court dismissed the jury and imposed sentence, that he had the right to have a jury decide the relevant sentencing factors and knowingly waived that right. *See State v. Clark*, 220 Or App 197, 185 P3d 516 (2008) (stating that, although the defendant pleaded guilty, he did not waive his right to have a jury find the applicable sentencing factors; waiver is an intentional relinquishment or abandonment of a known right or privilege, and court declined to infer waiver from a silent record).

We conclude that the record in this case does not demonstrate that defendant knew he had the right to have a jury decide the relevant sentencing factors and knowingly waived that right. First, defendant did not waive his right to a jury trial regarding his guilt or innocence. Second, at the time defendant was sentenced, no controlling authority had determined that a defendant was entitled to jury findings for departure sentences as provided in Oregon's statutory sentencing scheme. Third, and finally, defendant objected to the finding of both sentencing factors relied upon for the imposition of the departure sentences at the sentencing hearing, although he did not argue that only a jury can find the relevant aggravating factors. Based on the record, we decline to infer that defendant knew that he had a right to have a jury find the facts supporting departure sentences and that he intentionally surrendered that right. *See State v. Gilliland*, 223 Or App 279, 284, 196 P3d 13 (2008). Nor can we find, based on the jury's verdicts, that the jury found beyond a reasonable doubt the existence of the sentencing factors applied here. *Cf. State v. Hagberg*, 345 Or 161, 169, 190 P3d 1209 (2008) (holding that, in a particular case, it may be possible to determine from a jury's guilty verdict that the jury necessarily found beyond a reasonable doubt the facts supporting a sentence enhancement; where that is the case, the imposition of enhanced sentences is not error). Neither the trial court's instructions nor the jury verdict form demonstrates that the factors resulting in defendant's departure sentences were presented to or found by the jury. In light of all the described circumstances, the trial court plainly erred.

■ We next consider whether to exercise our discretion to correct the error. Defendant's departure sentence on Count 1 was 240 months, 120 months longer than the otherwise

applicable maximum under the guidelines. His concurrent departure sentence on Count 2 was 130 months, 30 months longer than the otherwise applicable ORS 137.700 mandatory minimum sentence. Thus, defendant will be required to serve an additional 120 months. Again, defendant generally objected to the imposition of departure sentences. Particularly where defendant did not have the benefit of the decision in *Blakely*, we do not perceive, and the record does not demonstrate, that defendant had any strategic reason for not objecting to the imposition of those sentences based on the trial court's own findings. Finally, the state does not argue, and we find no evidence in the record demonstrating, that it is certain or even probable that, on remand, a jury necessarily would find all the facts supporting the departure sentence here. *See Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). For all those reasons, we exercise our discretion to reach the error.

Remanded for resentencing; otherwise affirmed.