Submitted November 25, 2008, affirmed April 1, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

WAYNE OTTA BROWN,
*Defendant-Appellant.*

Washington County Circuit Court
C060461CR; A134218

204 P3d 825

Peter Gartlan, Chief Defender, and Sarah E. Carpenter, Deputy Public Defender, Legal Services Division, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Simon C. Whang, Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

LANDAU, P. J.

**LANDAU, P. J.**

Defendant pleaded guilty to two felony counts of sexual abuse in the first degree, two felony counts of unlawful sexual penetration in the first degree, and one misdemeanor count of sexual abuse in the third degree. ORS 163.427; ORS 163.411; ORS 163.415. His sole assignment of error on appeal is that the trial court erred in sentencing him under ORS 137.700 (Measure 11) on one of his convictions for first-degree sexual abuse, because he committed the crime before the effective date of that statute. Defendant concedes that he did not raise that issue below, but asks that we review it as plain error. We conclude that the trial court committed plain error, but that it is not appropriate under the circumstances to exercise our discretion to correct the error. We therefore affirm.

The relevant facts are uncontested. In a 12-count indictment, the state alleged that defendant committed various felony and misdemeanor offenses against three minor female victims. As pertinent here, the indictment alleged that defendant committed the conduct constituting Count 1, first-degree sexual abuse, "on or between December 13, 1990, to December 12, 1994." The remaining counts were alleged to have occurred no earlier than December 13, 1996.

The parties negotiated a plea agreement according to which defendant agreed to plead guilty to Counts 1, 2, 3, 4, and 11—respectively, two counts of first-degree sexual abuse, two counts of first-degree unlawful sexual penetration, and one count of third-degree sexual abuse, a misdemeanor. In return, the state agreed to dismiss the remaining charges. In his written plea petition, defendant recited that he knew that the crime seriousness ratings for the four felony sex offenses to which he was pleading guilty were 8, 8, 10, and 10, respectively; that he believed that his criminal history score was I; that he knew that the "presumptive" sentences for the four felony crimes were 75, 75, 100, and 100 months, respectively; and that he knew that the felony crimes had "maximum possible" sentences of 10 or 20 years.[1] At the change of plea proceeding, the trial court explained to defendant that he could

---

[1] Although defendant recited in his plea agreement that he knew that the "presumptive" sentence for Count 1 was 75 months and that the maximum was

"potentially" receive 75-month sentences on the two counts of first-degree sexual abuse and 100-month sentences on the two counts of first-degree unlawful sexual penetration, with a possible total of 350 months for those convictions. Defendant indicated that he understood.

At the subsequent sentencing proceeding, the state urged the trial court to impose a total of 350 months' imprisonment, arguing that, although that was the maximum amount to which defendant was subject under the plea agreement, it also was an appropriate amount in light of the dismissed charges. Defendant requested a total prison sentence of 100 months.

The trial court sentenced defendant to incarceration terms of "75 months pursuant to Measure 11" on Count 1 and 75 months (also apparently pursuant to ORS 137.700) on Count 2, to be served consecutively to the sentence on Count 1. On Count 3, the trial court imposed a presumptive sentence of 118 months with a 100-month Measure 11 minimum, and ordered that 50 months of the sentence be served consecutively to the sentences on Counts 1 and 2. On Count 4, the court imposed a presumptive sentence of 125 months with a 100-month Measure 11 minimum and ordered that 20 months of the sentence be served consecutively to the sentences in Counts 1, 2, and 3. Finally, the trial court imposed a concurrent one-year sentence on Count 11, the misdemeanor offense. After imposing those sentences, the court stated, "[t]he intent is 220 months on this." The trial court expressly denied defendant consideration for sentence modification "programs" on the portions of his sentences on Counts 3 and 4 that exceeded the 100-month Measure 11 minimum sentences for those crimes, with the exception of the final 20 months of his sentence on Count 4. ORS 137.750.

---

10 years, the parties agree that the sentence that the trial court imposed on that count was not the "presumptive" sentence for that crime; nor did defendant stipulate to receiving any particular sentence. Accordingly, ORS 138.222(2)(a) and (d) do not preclude this court from reviewing the sentence that the trial court imposed. *See id.* (for felony crimes committed on or after November 1, 1989, appellate court may not review any sentence that is within the presumptive sentence range for the crime or that resulted from a stipulated sentencing agreement that is approved by the trial court).

On appeal, defendant argues that the trial court plainly erred in imposing sentence on Count 1 pursuant to ORS 137.700. Defendant argues that the error is one of law; that the inapplicability of ORS 137.700 to a crime committed before April 1, 1995, is beyond dispute; and that the existence of the error does not require this court to choose between competing inferences. *See State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (for error to be plain, it must satisfy three criteria: (1) it must be an error of law; (2) it must be "apparent," meaning the legal point must be obvious, that is, "not reasonably in dispute"; and (3) it must appear on the face of the record, meaning that the court need not go outside the record or choose between competing inferences to identify the error). He further argues that there are ample reasons for this court to exercise its discretion to correct the error, including his liberty interest in obtaining a valid sentence, the state's lack of an interest in his serving an invalid sentence, the fact that his conviction for the crime will not be affected by correction of the error, the conservation of judicial resources, the fact that he did not make a strategic choice not to object to the sentence, and the possibility that he would receive a different sentence on remand.

■ The state first responds that the error, if any, is not plain, because competing inferences can be drawn from defendant's failure to object: on the one hand, defendant may have simply failed to realize that ORS 137.700 did not apply, whereas, on the other hand, he may have had a strategic reason for failing to object—specifically, that, by agreeing to plead guilty and to accept the sentences in return for dismissal of other counts, he avoided the possibility of an even longer sentence. The state further argues that, even assuming that the error is plain, we should decline to exercise our discretion to reach it because defendant acceded to the trial court's action and because, where the trial court stated its intention to impose a 220-month sentence, it likely would impose a similar total sentence on remand, thereby implicating the state's interest in avoiding an unnecessary repetitive sentencing proceeding.

As discussed above, the parties do not dispute that the trial court's alleged error is one of law and that the legal point—that ORS 137.700 does not apply to crimes committed

before the effective date of that statute—is obvious and not reasonably in dispute. Thus, the pertinent question is whether identifying the error requires this court to select among competing inferences. In answering that question, we consider whether the record shows that defendant knew, at the time that the trial court sentenced him, that ORS 137.700 did not apply to his conviction on Count 1 for first-degree sexual abuse and chose not to object to its application. *See, e.g., State v. Brown,* 224 Or App 580, 585-86, 198 P3d 953 (2008) (in determining whether error was plain, court considered whether it was inferable that the defendant intentionally waived his right to have a jury find the applicable sentencing factors; declining to so infer); *State v. Clark,* 220 Or App 197, 185 P3d 516 (2008) (same).

We decline to draw that inference. Although defendant benefitted from his plea agreement with the state by virtue of the state's dismissal of other charges, he nevertheless argued vigorously against receiving the maximum possible sentence—350 months—set out in the agreement. Specifically, he requested that the court instead impose a total sentence of 100 months, noting, among other arguments in favor of that result, that "this is a Ballot Measure 11 case" and that he "would have to do every single day of that time." On that record, the inference that the state urges us to draw simply is not available. The trial court plainly erred. *Cf. State v. Berkey,* 129 Or App 398, 877 P2d 1238, *rev den,* 320 Or 360 (1994) (trial court committed plain error in sentencing the defendant to extended term of post-prison supervision under ORS 144.103 when the crime was committed before that statute's effective date); *State v. Rickerd,* 124 Or App 552, 862 P2d 1324 (1993) (trial court committed plain error in sentencing under Denny Smith Act, ORS 137.635, when the crime preceded that act's effective date).

■■ Nor is the error harmless. The amount imposed—75 months—was not otherwise available to the court under the sentencing guidelines; under the relevant grid block, defendant was subject to a maximum presumptive sentence of 18 months' imprisonment and a departure sentence of no more than twice that amount. In addition, as defendant recognized below, a person serving a sentence imposed under Measure 11 is not eligible for earned time or other sentence

modification programs. *See* ORS 137.700(1) (during service of minimum term, person is not eligible for release, leave, or sentence reductions). Defendant therefore was erroneously denied the opportunity to reduce the length of his sentence or to obtain other sentence modifications.[2]

■ We turn to whether we should exercise our discretion to correct the error. Factors relevant to that inquiry include the nature of the case, the competing interests of the parties, the gravity of the error, and the ends of justice in the particular case. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Specifically in regard to sentencing errors, we consider whether the defendant encouraged the trial court's imposition of the erroneous sentence, the possibility that the defendant made a strategic choice not to object to the sentence, the role of other sentences in the case, and the interests of the justice system in avoiding unnecessary repetitive sentencing proceedings. *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007).

We first assess the length of the erroneous sentence in light of those factors. As previously discussed, defendant's 75-month Measure 11 sentence on Count 1 was significantly longer than either the 18-month presumptive or the 36-month departure sentence that was potentially available under the guidelines; that factor weighs in favor of correcting the error. Also weighing in favor is the circumstance, discussed above in regard to whether the error is plain, that we do not perceive, and the record does not demonstrate, that defendant had any strategic reason for not objecting to the imposition of an ORS 137.700 sentence on Count 1.

■ Weighing against correcting the error is the trial court's expressly stated intention to impose a total sentence of 220 months and its apparent ability to do so here on remand. Again, the trial court ordered that defendant's two 75-month sentences be served entirely consecutively to each

---

[2] As noted, the trial court prohibited defendant from being considered for sentence modification programs, such as earned time reductions under ORS 421.121, on any of his sentences until the final 20 months of his aggregate sentence, that is, during the final 20 months of his 125-month presumptive sentence on Count 4. However, the court lacked authority under ORS 137.750 to withhold consideration for such modifications on defendant's sentence on Count 1, because that statute applies only to crimes committed on or after December 5, 1996.

other, that 50 months of defendant's 118-month presumptive sentence on Count 3 be served consecutively to the first two sentences, and that 20 months of defendant's 125-month presumptive sentence on Count 4 be served consecutively to the three preceding sentences. It is readily apparent that, on remand, the trial court *could* reach its desired total of 220 months by ordering longer portions of the sentences on Counts 3 and 4 to be served consecutively to the preceding sentences, among other mechanisms. We ordinarily will decline to exercise our discretion to correct a sentencing error where "we are certain that, if we were to remand this case to the trial court, it would correct its error in a manner that leaves intact defendant's total aggregate sentence." *State v. Quintero-Martinez*, 220 Or App 497, 503, 188 P3d 350, *rev den*, 345 Or 318 (2008). Stated another way, considering the length of defendant's erroneous sentence in light of defendant's other, unchallenged consecutive sentences and the trial court's stated intent to impose a total incarcerative term of 220 months, remanding this case would contravene the justice system's interest in avoiding "unnecessary repetitive sentencing proceedings." *See Fults*, 343 Or at 523 (identifying that interest).

We consider one additional consequence of the trial court's erroneous imposition of a Measure 11 sentence on Count 1: defendant's inability to obtain earned time sentence reductions or other modifications of his sentence on that count. It is true that, with the exception of the last 20 months of defendant's sentence on Count 4, the trial court also withheld consideration for such modifications as to each of defendant's sentences, including his sentence on Count 1, pursuant to its authority under ORS 137.750. However, as previously noted, because defendant committed the crime at issue in Count 1 prior to the effective date of either ORS 137.700 or ORS 137.750, his sentence for that crime was statutorily eligible for sentence modifications *and* the trial court lacked authority to withhold consideration for such modifications. Nevertheless, as in regard to the length of defendant's sentence on Count 1, it is apparent to us that, on remand, the trial court could and likely would restructure defendant's sentences to achieve the same result, such as by denying consideration for sentence modifications on the

entirety of Count 4 and, in order to ensure that defendant receives the relevant "programs" near the end of his total sentence, by ordering that defendant serve his sentence on Count 1 as the final sentence in the sequence of sentences.

In short, we conclude that a remand to the trial court will have little practical effect on defendant's total sentence. We therefore decline to exercise our discretion to correct the trial court's error. *See State v. Fults*, 219 Or App 305, 309, 182 P3d 267 (2008) (in light of other, unchallenged sentences, the gravity of the sentencing error was slight and it was unlikely that a remand would make any practical difference; court therefore declined to exercise its discretion to correct the error).

Affirmed.