Submitted February 17, affirmed May 27, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRED LEO TOQUERO,
*Defendant-Appellant.*

Marion County Circuit Court
06C50221; A136941

208 P3d 1026

Garrett A. Richardson and Multnomah Defenders, Inc., filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Cecil A. Reniche-Smith, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.

BREWER, C. J.

## BREWER, C. J.

Defendant was convicted of 11 sex offenses after a trial to the court. Five of the convictions were for using a child in a display of sexually explicit conduct. ORS 163.670(1).[1] Under ORS 137.700(2)(b) (Measure 11), the mandatory minimum sentence for each of those convictions is 70 months' imprisonment. However, at sentencing, the prosecutor told the court that the mandatory minimum sentence for each of those convictions was 75 months' imprisonment. Defendant's counsel failed to object to the prosecutor's misstatement, and the trial court imposed 75-month prison sentences on each of defendant's convictions under ORS 163.670(1). Defendant appeals, challenging those sentences as plainly erroneous, and he asks this court to exercise its discretion to remand for resentencing. We conclude that the trial court committed plain error, but that it is not appropriate under the circumstances for us to exercise our discretion to correct the error. We therefore affirm.

The relevant facts are uncontested. In an 11-count amended indictment, the state alleged that defendant committed various felony sex offenses against multiple minor female victims. The trial court convicted defendant of all 11 crimes after defendant waived his right to a jury at both trial and sentencing. The state recommended a total sentence of 557 months' imprisonment on all 11 convictions; however, the court sentenced defendant to a total of 325 months' imprisonment. At sentencing, the parties agreed that mandatory minimum sentences of 75 months' imprisonment were required on defendant's five convictions under ORS 163.670(1). The trial court imposed 75-month prison sentences on each of those convictions, and it ordered that three of the five sentences be served consecutively to each other, for a total of 225 months' imprisonment on those counts. The court imposed a consecutive 100-month Measure 11 sentence on defendant's conviction for first-degree rape

---

[1] ORS 163.670(1) provides:

"A person commits the crime of using a child in a display of sexually explicit conduct if the person employs, authorizes, permits, compels or induces a child to participate or engage in sexually explicit conduct for any person to observe or to record in a photograph, motion picture, videotape or other visual recording."

and ordered that the remaining sentences be served concurrently. The court expressed considerable repugnance toward defendant's conduct and stated that "[a] long sentence is called for and I will sentence accordingly." After pronouncing sentence, the court stated that the sentence was "the appropriate sentence that applies." Defendant's counsel then sought clarification: "So a total of 325 months under Ballot Measure 11." The court replied, "Exactly."

On appeal, defendant argues that the trial court plainly erred in imposing 75-month prison sentences on his convictions under ORS 163.670(1). Defendant argues that the error is one of law, that the existence of a 70-month mandatory minimum sentence for each of those convictions is beyond dispute, and that the identification of the error does not require this court to choose between competing inferences. *See State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990) (for error to be plain, it must satisfy three criteria: (1) it must be an error of law; (2) it must be "apparent," meaning that the legal point must be obvious, that is, "not reasonably in dispute"; and (3) it must appear on the face of the record, meaning that the court need not go outside the record or choose between competing inferences to identify the error). Defendant further argues that there are ample reasons for this court to exercise its discretion to correct the error, including the gravity of the error, the state's lack of an interest in his serving an invalid sentence, the conservation of judicial resources, and the fact that he did not make a strategic choice not to object to the sentence.

The state acknowledges that the mandatory minimum sentence for the offense of using a child in a display of sexually explicit conduct is 70 months, not 75 months, and therefore that the first and second criteria of the first step of the plain error analysis—was the error one of law and is the legal point obvious—are satisfied. *See Brown,* 310 Or at 355. However, the state asserts that the third criterion—whether the error can be identified on the face of the record—is not clearly satisfied. According to the state, competing inferences can be drawn from defendant's failure to object: On the one hand, defendant may have simply failed to realize that the minimum sentence for the pertinent offenses was 70 months' imprisonment, whereas, on the other hand, he may have had

a strategic reason for failing to object. The state does not speculate what that reason might have been, but it argues that we should not detain ourselves with that concern because, in any event, various factors militate against an exercise of our discretion to review the error. The state proposes three such factors for our consideration: (1) The nature of defendant's convictions and the total possible sentence, (2) the competing interests of the parties, that is, the effect of the excessive sentence on defendant's liberty interest balanced against the state's interest in unnecessary and repetitive sentencing proceedings in light of the likelihood that remand would result in the same overall sentence, albeit restructured, and (3) the effect of defendant's acquiescence to the prosecutor's erroneous recital on the state's ability to answer any objection and the trial court's ability to recognize and correct its error.

■ As discussed above, the parties do not dispute that the trial court's alleged error is one of law and that the legal point—that the mandatory minimum prison sentences for the pertinent convictions are 70 months, not 75 months—is obvious and not reasonably in dispute. Thus, the first question for decision is whether identifying the error requires this court to select among competing inferences. In answering that question, we consider whether the record shows that defendant knew, at the time that the trial court sentenced him, that the minimum sentence for the pertinent offenses was 70 months' imprisonment and chose not to object to the prosecutor's misstatement. *See, e.g.,* *State v. Brown*, 224 Or App 580, 585-86, 198 P3d 953 (2008), *rev den*, 346 Or 116 (2009) (in determining whether error was plain, court considered whether it was inferable that the defendant intentionally waived his right to have a jury find the applicable sentencing factors; declining to so infer); *State v. Clark*, 220 Or App 197, 201-02, 185 P3d 516 (2008) (same).

We decline to draw that inference. Defendant argued vigorously against receiving the maximum possible sentence—557 months—for which the state advocated. Specifically, he requested that the court impose three consecutive 75-month sentences totaling 225 months' imprisonment and that the remaining sentences be concurrent. On that record, the inference that the state urges us to draw simply is

not available. The trial court plainly erred.[2] *Cf. State v. Brown*, 227 Or App 99, 104, 204 P3d 825 (2009) (trial court committed plain error in sentencing the defendant under Measure 11 where that sentencing scheme did not apply and there was no available inference that the defendant had a strategic reason for failing to object).[3]

■■■ We turn to whether we should exercise our discretion to correct the error. Factors relevant to that inquiry include the nature of the case, the competing interests of the parties, the gravity of the error, and the ends of justice in the particular case. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 382 n 6, 823 P2d 956 (1991). Specifically in regard to sentencing errors, we consider whether the defendant encouraged the trial court's imposition of the erroneous sentence, the possibility that the defendant made a strategic choice not to object to the sentence, the role of other sentences in the case, and the interests of the justice system in avoiding

---

[2] The state does not assert that the error was harmless.

[3] *State v. Steen*, 346 Or 143, 206 P3d 614 (2009), does not suggest a different conclusion. In that case, the defendant had failed to object to the admission of hearsay testimony at trial. On appeal in the Court of Appeals, he argued that admission of the evidence clearly was plain error—specifically, that it plainly violated his right to confront witnesses under the Sixth Amendment to the United States Constitution. The state responded that a defendant who fails to object to such testimony at trial necessarily waives or forfeits any objection. This court agreed with the defendant that the error was plain but declined to exercise its discretion to correct the error.

The Supreme Court also affirmed defendant's conviction, but by a different analysis. Noting that the constitutional guarantee against admission of hearsay testimony differs from such "discrete" constitutional protections as the right to jury trial and the right to counsel, in that a defendant is more likely to have strategic reasons for failing to object to some of or all of such testimony, the Supreme Court rejected both the defendant's and the state's arguments as to the effect of the defendant's failure to object. 346 Or at 152. It nevertheless determined that the record before it was not, in fact, silent on the issue of the defendant's acquiescence: Although the record did not disclose that the defendant himself knew of his right to confront the witness and intentionally relinquished that right, it demonstrated that the defendant's counsel stipulated to the admission of the testimony. The court determined that the defendant therefore was not entitled to "claim[ ] the benefit" of the "plain error" exception to the rule of preservation set out in ORAP 5.45(1). *Id.* at 155. Here, by contrast, although defense counsel requested that the trial court impose three consecutive 75-month sentences and that it order the remaining sentences to be served concurrently, nothing about that request suggests that counsel was aware that the 75-month prison terms were not the minimums required under ORS 137.700 for the relevant crimes.

unnecessary, repetitive sentencing proceedings. *State v. Fults*, 343 Or 515, 523, 173 P3d 822 (2007).

We first assess the length of the erroneous sentences in light of those factors. As previously discussed, the trial court ordered that three of the five challenged sentences be served consecutively to each other, thus resulting in 15 additional months of incarceration beyond the required minimum sentences for those convictions; that factor weighs in favor of correcting the error. Also weighing in favor is the circumstance, discussed above in regard to whether the error is plain, that we do not perceive, and the record does not demonstrate, that defendant had any strategic reason for not objecting to the error.

Weighing against correcting the error is the trial court's expression of repugnance toward defendant's offenses and its statement that "a long sentence is called for and I will sentence accordingly." The court then sentenced defendant to a combination of concurrent and consecutive prison sentences that totaled 325 months. Had the court imposed the correct mandatory minimum sentences for the five pertinent offenses, the total prison sentence, as so structured, would have been 310 months—as noted, a difference of 15 months. Either way, the total sentence that the court imposed was substantially shorter than the total sentence that the court could have imposed and, on remand, the court would have considerable flexibility to reach the same total term of imprisonment, including by imposing partially consecutive sentences on some of the convictions for which it previously imposed concurrent sentences.

We ordinarily will decline to exercise our discretion to correct a sentencing error where we are confident that, if we were to remand the case, the trial court would correct its error in a manner that would leave intact the defendant's total aggregate sentence. *State v. Quintero-Martinez*, 220 Or App 497, 503, 188 P3d 350, *rev den*, 345 Or 318 (2008); *see also State v. Jenniches*, 187 Or App 658, 69 P3d 771, *rev den*, 335 Or 578 (2003) (declining to exercise discretion to review a sentencing error, because the court would have imposed the same sentence in any event). Here, considering the length of defendant's erroneous sentences in light of defendant's other,

unchallenged sentences, and the trial court's statements that it intended to impose a "long sentence" and that a 325-month prison sentence was "the appropriate sentence," remanding this case would contravene the justice system's interest in avoiding "unnecessary repetitive sentencing proceedings." *See Fults*, 343 Or at 523 (identifying that interest); *cf. State v. Sosa*, 224 Or App 658, 664, 199 P3d 346 (2008) (exercising discretion to correct a plainly erroneous sentence where it was possible, but not certain, that the trial court would impose the same sentence on remand).

In short, we conclude that a remand to the trial court will have little practical effect on defendant's total sentence. We therefore decline to exercise our discretion to correct the trial court's error. *See State v. Fults*, 219 Or App 305, 309, 182 P3d 267 (2008) (in light of other, unchallenged sentences, the gravity of the sentencing error was slight and it was unlikely that a remand would make any practical difference; court therefore declined to exercise its discretion to correct the error).

Affirmed.