Argued and submitted February 24, convictions on Counts 1 and 2 reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree burglary reflecting that defendant was found guilty on both theories and for resentencing; otherwise affirmed June 2, 2010

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## VU M. LEPIERRE,
*Defendant-Appellant.*

Washington County Circuit Court
C073028CR; A139110

232 P3d 982

Erik Blumenthal, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Appellate Division, Office of Public Defense Services.

Robert M. Atkinson, Senior Assistant Attorney General, argued the cause for respondent. On the brief were John R.

Kroger, Attorney General, Jerome Lidz, Solicitor General, and Janet A. Metcalf, Assistant Attorney General.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

SCHUMAN, J.

**SCHUMAN, J.**

Defendant pleaded guilty to, and was convicted of, two counts of first-degree burglary, two counts of first-degree unlawful sexual penetration, five counts of first-degree sex abuse, and one count of attempted first-degree rape. The convictions were based on defendant's criminal activity after having broken in to a neighbor's apartment. On appeal, he raises six assignments of error. We agree with defendant's arguments with respect to the first assignment; the trial court plainly erred in failing to merge the two convictions for first-degree burglary. That decision requires us to reverse those convictions and remand for resentencing. The second alleged error is the trial court's failure to merge four convictions for first-degree sexual abuse. Defendant did not preserve that claim of error at trial and, because it is not plain error, we do not address it. ORAP 5.45. In his third assignment of error, defendant points out, and the state agrees, that the court erred in imposing a consecutive 36-month sentence on Count 1. Because we remand for resentencing on the first assignment of error, the trial court is free to correct the consecutive sentencing error when the case is before it again. Finally, defendant argues in his fourth, fifth, and sixth assignments of error that the court lacked sufficient evidence to impose an upward departure sentence. We reject those assignments without discussion.

Defendant was charged with, among other crimes, two counts of burglary in the first degree. ORS 164.225. Both counts were based on the same incident. One count alleged that defendant entered the neighbor's apartment and remained there "with the intent to commit the crime of rape therein." The other count alleged that, "[a]s part of the same act and transaction alleged in Count 1," he had entered the neighbor's apartment and remained there with the intent to "commit the crime of sex abuse therein." After the trial judge explained that the two burglary charges were separated by "different theor[ies]," defendant pleaded guilty to all counts. At the sentencing hearing, the judge ruled that the "two [b]urglaries have merged for the purposes of sentencing." The judgment provides:

> "It appears to the Court that the defendant has been indicted, arraigned, has entered a not guilty plea, withdrawn that plea, and upon guilty pleas, duly convicted of the Burglary in the First Degree (Class A Felony, crime seriousness 9, criminal history I) in Counts 1 and 2, with it further appearing to the Court that Count 2 merges with Count 1 for sentencing purposes * * *."

The Oregon Judicial Information Network (OJIN) also indicates that defendant was convicted on two counts.

■    On appeal, defendant argues that the trial court erred by failing to merge his convictions for first-degree burglary. Defendant concedes that he failed to preserve this claim of error but asks this court to review it as plain error. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the face of the record."). The state concedes that the court should have entered only one conviction for the two counts, and we agree. *See State v. White*, 341 Or 624, 640-41, 147 P3d 313 (2006) ("[A]lthough defendant properly was charged with and even found guilty of two counts of first-degree burglary, each of which alleged a different crime that defendant intended to commit at the time of his unlawful entry, the trial court could not enter two judgments of convictions based on those verdicts."). However, the state contends that the error is not "plain" as that term has been explained in relevant cases, and we therefore should not review it. We disagree.

The parties do not dispute, and we agree, that the unpreserved claim of error satisfies the first and second requirements of "plain error" as set forth in *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990): the error is one of law, it is obvious beyond dispute, and it appears on the face of the record. The issue in this case involves only a legal issue (whether a defendant who is found guilty of two counts of first-degree burglary based on two different subsections of ORS 164.225 should receive one conviction), and the resolution of that issue is settled beyond dispute (he should receive one). The state, however, argues that the record is ambiguous. The state points out that the judgment recites,

> "It appears to the Court that the defendant has been indicted, arraigned, * * * [and] duly convicted of the crimes of Burglary in the First Degree * * * in Counts 1 and 2, with it further appearing to the Court that Count 2 merges with Count 1 for sentencing purposes * * *."

According to the state, that statement can be read "as simply reciting an accurate history of the [trial court's] procedural events," and is therefore not error. *State v. Toquero*, 228 Or App 547, 550, 208 P3d 1026 (2009).

As the state correctly points out, the terminology in this area of the law is confusing. When two counts of a crime should result in a single conviction, the court should "appl[y] the merger statute to guilty verdicts on particular counts, rather than to 'convictions.'" *State v. White*, 346 Or 275, 279 n 4, 211 P3d 248 (2009). Thus, apparently, "merger of convictions" does not exist. Similarly, sentences are not "merged"; when convictions for two counts or two crimes result in coterminous sentences, the sentences are concurrent. This confusion, however, does not obscure the fact that, in the present case, the trial court intended to enter, and did enter, two convictions where it should have entered only one. We therefore must remand for resentencing.

In defendant's second assignment of error—also unpreserved—he argues that the court erred in entering four convictions for the four counts of sexual abuse in the first degree. That alleged error is not "plain," if it is error at all. As defendant concedes, "this court has never addressed the specific issue." He then presents nine pages of argument in support of the theory that, under the logic of earlier cases, the separate verdicts *should* result in a single conviction. That is not the stuff of plain error. We therefore do not review it.

Defendant's third assignment of error focuses on the court's failure to apply OAR 213-012-0020(2)(b), the so-called "200 percent rule," when it imposed a 36-month sentence to run consecutively to defendant's 200-month Measure 11 sentence.

> "Under that rule, no matter how many convictions arise out of a single case, if any of the sentences are imposed to run

consecutively, the total incarceration term for all of the convictions combined may not exceed twice the maximum presumptive incarceration term for the primary offense, except by departure."

*State v. Davis*, 315 Or 484, 492, 847 P2d 834 (1993). The state concedes that the court should have applied the rule but urges us not to exercise our discretion to review the unpreserved claim of error because the court on remand would certainly find another way to impose the same amount of incarceration. Because we remand for resentencing based on the first assignment of error, we need not address the state's argument; the court will do what it will do.

Finally, in three assignments of error, defendant contends that the court imposed sentences that departed from the guideline sentences based on insufficient evidence. We reject those assignments without discussion.

Convictions on Counts 1 and 2 reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree burglary reflecting that defendant was found guilty on both theories and for resentencing; otherwise affirmed.