On respondent's petition for reconsideration filed December 27, 2006, and appellant's response to petition for reconsideration filed March 14, reconsideration allowed; former opinion (209 Or App 270, 147 P3d 940) adhered to May 9, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

DOUGLAS LEROY PITT,
*Defendant-Appellant.*

Clatsop County Circuit Court
011381; A120428

159 P3d 329

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Janet A. Metcalf, Assistant Attorney General, for petition.

Mary-Shannon Storey, Deputy Public Defender, Office of Public Defense Services, for response.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Ortega, Judge.

LANDAU, P. J.

## LANDAU, P. J.

The state petitions for reconsideration of our decision in *State v. Pitt (A120428)*, 209 Or App 270, 147 P3d 940 (2006), in which we held that the trial court erred by allowing into evidence videotaped testimony containing hearsay statements of two child victims whom defendant did not have the opportunity to cross-examine. Although defendant had not preserved the argument, we held that the videotapes were plainly "testimonial" evidence the admission of which was erroneous under *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). After considering the gravity of that error, we exercised our discretion to correct it, reversing and remanding for a new trial. The state now asks that we reconsider our decision, arguing that we failed to analyze adequately whether the admission of the videotapes constituted harmless error. We allow reconsideration and adhere to our previous opinion for the following reasons.

Defendant was convicted of sexually abusing his girlfriend's four-year-old daughter, A. The state's evidence consisted of the testimony of Snider, A's mother; Stefanelli, a doctor who performed a medical exam and interviewed A; Berdine, a psychologist who interviewed A; and Broderick, a "forensic child interviewer" who conducted videotaped interviews with A and A's five-year-old cousin, R. Each of those witnesses testified that A had told them that defendant had touched her genitals; Stefanelli also testified that there was physical evidence that A had been abused. In addition, the jury was shown the videotaped interviews with Broderick in which both A and R accused defendant of touching them, and each said she saw defendant touch the other. After a competency hearing, the trial court ruled that A and R were not competent to testify.

On appeal, defendant made several unpreserved *Crawford* arguments regarding the admissibility of the videotapes and the aforementioned testimony of Berdine, Stefanelli, and Broderick. The state argued that all of that evidence was, at least arguably, outside the scope of *Crawford* and that therefore its admission was not reviewable as plain error. The state added that, even if the girls'

videotaped statements to Broderick were testimonial but the other evidence was not, admission of the tapes was nonetheless harmless because the tapes added "little, if anything, to the statements she already had made to her mother, [Stefanelli], and [Berdine]."

Relying on the Supreme Court's decision in *Davis v. Washington*, ___ US ___, 126 S Ct 2266, 165 L Ed 2d 224 (2006), we held that the children's videotaped statements were indisputably "testimonial" for purposes of *Crawford*, and that their admission was plain error. In considering whether to exercise our discretion to correct the error, we noted that

> "[a]ll of the state's evidence in this case, ultimately, derived from statements of the two girls, whose credibility was the linchpin of the case. The videotapes thus served a unique and potentially critical purpose of allowing the jury to gauge first-hand the credibility of the children and assess the veracity of their accusations. *Cf. State v. Keller*, 315 Or 273, 285-86, 844 P2d 195 (1993) (holding that, despite the testimony of the child victim and two other witnesses, admission of a doctor's testimony regarding the child's credibility required reversal). In addition, the tapes were referred to by the prosecutor several times in closing argument, including a reminder that the tapes had been admitted into evidence and that the jury would have the opportunity to watch them again as it deliberated."

*Pitt (A120428)*, 209 Or App at 280.

For those reasons, we concluded that the videotapes "comprised a crucial part of the state's case and very likely played a significant role in the jury's deliberations," and therefore the error in their admission was sufficiently grave as to warrant correction. *Id.* Because that required reversal, we did not reach the question whether A's statements to Berdine and Stefanelli were also testimonial and therefore within the scope of *Crawford*.

■ On reconsideration, the state argues that we made an analytical mistake by not first deciding whether the testimony of Berdine and Stefanelli was admissible. The state asserts that, had we done so, we would have found that their testimony *was* admissible, and from that premise it would

have followed that admission of the videotapes—the contents of which the state contends is merely duplicative of the state's other evidence—was therefore harmless.

■■ We disagree. Whether the failure of a state court to accord a federal constitutionally guaranteed right in a criminal trial was harmless is a question of federal law. *State v. Cook*, 340 Or 530, 543-44, 135 P3d 260 (2006) (citing *Chapman v. California*, 386 US 18, 21, 87 S Ct 824, 17 L Ed 2d 705 (1967)). Such a deprivation of a federal constitutional right is harmless only when the reviewing court, in looking at the record as a whole, can say that the error, beyond a reasonable doubt, has not contributed to the determination of guilt. *Chapman*, 386 US at 24; *see also State v. Ennis*, 212 Or App 240, 158 P3d 510 (2007) (applying same standard).

As we explained in our original opinion, the videotaped testimony of the victims in this case was a crucial and unique part of the state's case. All of the state's evidence —including the testimony of Berdine and Stefanelli— ultimately derived from statements that had been made by the two girls, and thus the girls' credibility was "the linchpin of the case." 209 Or App at 280. On that basis, we concluded that—notwithstanding the other evidence that the state presented—the videotapes served the critical function of allowing the jury to hear "first-hand" from the victims and to gauge their credibility. *Id.* For that same reason, *even assuming that the testimony of Berdine and Stefanelli was admissible*, we cannot confidently say, beyond a reasonable doubt, that it would have been enough to convict defendant in the absence of the videotapes. It follows that admission of the videotaped testimony of the victims was not harmless.

Given that conclusion, we need not reach the question whether in fact the testimony of Berdine and Stefanelli was testimonial hearsay for purposes of *Crawford*. The state urges us, however, to answer that question anyway, in the interest of judicial economy, because the issue is "almost certain" to come up on remand. We decline to do so. In the first place, whether the issue will in fact arise on remand is not entirely clear; the child victims who, owing in part to their ages, were not competent to testify at the time of trial may now be available. In any event, the case was argued and

decided before the Supreme Court's decisions in *Crawford* and *Davis*. Without the benefit of those cases, neither of the parties knew that the distinction between "testimonial" and "nontestimonial" evidence would be relevant and so were not motivated to make a record on that issue, and, because the issue is not preserved, the trial court was never afforded an opportunity to pass on the question.

Reconsideration allowed; opinion adhered to.