Argued and submitted May 30, affirmed October 31, 2007

# STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

# PATRICK KELLY STEEN,
*Defendant-Appellant.*

Marion County Circuit Court
03C40531; A128423

170 P3d 1126

Anne F. Munsey, Senior Deputy Public Defender, argued the cause for appellant. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Legal Services Division, Office of Public Defense Services.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Defendant was convicted of robbery in the first degree, burglary in the first degree, and two counts of assault in the second degree. The state stipulated that defendant was suffering from a mental disease or defect at the time of the crimes; consequently, he was found guilty except for insanity. ORS 161.295. The court imposed consecutive sentences, committing defendant to the jurisdiction of the Psychiatric Security Review Board for a term of 60 years. On appeal, defendant argues that, under *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004), the court erred in admitting hearsay statements made by an unavailable witness whom he did not have the opportunity to cross-examine. Although defendant did not preserve that claim of error at trial, he argues that the error is apparent on the face of the record, and we should exercise our discretion to review it under ORAP 5.45. Defendant also argues that the court erred by imposing consecutive sentences without making the findings required by ORS 137.123(5), set out below. That claim of error, as well, was not preserved at trial, and, again, defendant argues that we should address it because the error is apparent on the face of the record. We conclude that admitting the hearsay was plain error, but we choose not to exercise our discretion to consider it. Regarding defendant's unpreserved claim of error regarding the lack of findings, we conclude that our consideration of that error is foreclosed by Supreme Court precedent. *State v. Bucholz*, 317 Or 309, 321, 855 P2d 1100 (1993). Accordingly, we affirm.

At a pretrial motion hearing, defendant's attorney waived a jury trial and described his strategy to the court:

> "I have explained to [defendant] that the purpose behind the jury waiver is to have the court resolve this matter and resolve it one way or another with a very likely result of Oregon State Hospital and not the type of guilty finding or guilty trial where he could end up in prison."

Subsequently, only two people testified at defendant's trial: defendant and a police officer. The portion of the officer's testimony in which he related statements by the victim, G, is the subject of defendant's *Crawford* challenge. According to that

testimony, to which, as noted, defendant did not object, G told the officer that, on the night of the incidents for which defendant was arrested, G was awakened by pounding on her door. When she opened it, she saw defendant standing outside. He began yelling at her and demanding marijuana. He then pushed his way into her apartment and began to threaten her with a wooden dowel, ultimately hitting her with it when she told him that she did not have what he was looking for. Defendant then knocked her down and held her down while he hit her repeatedly.

After relating G's account, the officer testified that he arrived on the scene and found G, defendant, and N, a friend of G's. Defendant was sitting calmly on a couch in the living room. The officer reported seeing injuries and ripped clothing on G that were consistent with her version of the events. He also testified that, in his presence, defendant arose from the couch and assaulted N with the dowel.

Defendant's testimony recounted a different story. According to him, he went to G's apartment because she was yelling, and she beckoned him inside. Defendant testified that he did not remember what happened after that, but he denied that he had hit either N or G.

As defendant's counsel had predicted, the trial court found that defendant committed the acts alleged, but that he was not legally responsible for his actions because, at the time he committed the acts, he was not able to conform his conduct to the requirements of the law. The court imposed consecutive sentences committing defendant to the jurisdiction of the Psychiatric Security Review Board. Defendant did not request that the court make findings to justify consecutive sentences, and the court did not make any.

■    In his first assignment of error, defendant argues that the trial court erred in admitting the officer's testimony relating what G told the officer and that, although defendant did not object at trial, we should reach the claim of error because the error is apparent on the face of the record. As explained below, we agree that admitting the hearsay was plain error and that we have the discretion to decide the assignment of error on that basis. ORAP 5.45(1) (if claim of

error is not preserved at trial, "the appellate court may consider an error of law apparent on the face of the record"); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). However, also for reasons explained below, we decide not to exercise that discretion in this case.

■      Defendant relies on the Confrontation Clause of the Sixth Amendment to the United States Constitution, under which he has the right "to be confronted with the witnesses against him." However, the Sixth Amendment applies against the state only if the state's law, correctly applied, violates the Fourteenth Amendment by depriving defendant of life, liberty, or property without due process. *Sterling v. Cupp*, 290 Or 611, 614, 625 P2d 123 (1981). Further, we ordinarily examine claims under state statutory law before turning to the state constitution. *State v. Moore*, 334 Or 328, 336, 49 P3d 785 (2002). Moreover, because defendant did not object to the hearsay testimony at trial, we can reverse his conviction only if the error is *plain* error, that is, apparent on the face of the record. An error is apparent on the face of the record if it is an obvious, indisputable error of law that is evident from the record itself such that we need not "go outside the record or choose between competing inferences." *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990). Our first inquiry, therefore, is whether we can conclude, from the existing record, that admitting the hearsay obviously, and as a matter of law, violated the Oregon Evidence Code.

We cannot so conclude. Although the officer's testimony is obviously hearsay, OEC 801, an argument, at least minimally plausible, could be made that the testimony falls within the hearsay exception stated in OEC 803(2): a "statement relating to a startling event * * * made while the declarant was under the stress of excitement caused by the event[.]" The officer arrived at G's apartment shortly after she had been beaten, and he interviewed her while defendant was still present and holding the weapon he had used.

■      Hearsay that might be admissible under the evidence code, however, is not necessarily admissible under the Oregon Constitution. We therefore consider whether it is

apparent on the face of the record that admitting the statement violated Article I, section 11, of the Oregon Constitution, which guarantees criminal defendants the right to "meet the witnesses face to face." Under that guarantee, no hearsay exception (including, of course, OEC 803(2)) can be applied against the defendant in a criminal trial unless the witness is unavailable and the testimony bears adequate indicia of reliability. *State v. Campbell*, 299 Or 633, 648, 705 P2d 694 (1985). Further, the state, as the proponent of the evidence, has the burden of establishing unavailability by a preponderance of the evidence. *State v. Nielsen*, 316 Or 611, 618, 853 P2d 256 (1993). Thus, in order to reverse a conviction on the basis of a violation of the so-called "confrontation clause" of Article I, section 11, we must conclude either that the state has failed to prove that the declarant was unavailable or, if the state has met that burden, that the evidence does not bear adequate indicia of reliability.

Applying those principles here, we conclude that admitting the officer's rendition of G's statements was plain error. The record in this case is silent with respect to the question of G's unavailability. We cannot conclude that G refused to testify, as did the declarants in *State v. Page*, 197 Or App 72, 74, 104 P3d 616 (2005), *rev den*, 340 Or 673 (2006), and *State v. Poitra*, 206 Or App 207, 213, 136 P3d 87, *rev den*, 341 Or 245 (2006). Nor can we conclude that she was incapable of testifying due to youth, as were the declarants in *State v. Foreman*, 212 Or App 109, 114, 157 P3d 228 (2007), *State v. Pitt (A120428)*, 209 Or App 270, 274, 147 P3d 940 (2006), *adh'd to on recons*, 212 Or App 523, 159 P3d 329 (2007), and *State v. Stalder*, 205 Or App 126, 129, 133 P3d 920, *rev den*, 340 Or 673 (2006). There is no indication that G was unavailable despite a good faith effort by the state to locate her and secure her attendance at trial. *State v. Montgomery*, 88 Or App 163, 165-66, 744 P2d 592, *rev den*, 304 Or 548 (1987). In short, the record indisputably demonstrates that, as a matter of law, the state failed to prove G's unavailability. That indisputable failure compels the conclusion that admitting the hearsay was plain error.

That conclusion, however, does not end our inquiry. Although we *may* review a plain error, we must exercise our discretion in deciding whether to do so, and we should do so

only "with utmost caution." *Ailes*, 312 Or at 382. Although the Supreme Court has listed some factors that we might consider, *id.* at 382 n 6, the decision is necessarily made case by case.

In this case, we recognize that the erroneously admitted testimony was the only direct evidence that defendant unlawfully entered G's home and hit her. Nonetheless, we conclude that there are significant reasons not to reach defendant's unpreserved claim of error. First, there is a significant chance that, had defendant objected, the state would have been able to prove its case by other means. Although, as discussed above, the record does not disclose anything about G's availability, it is clear that she was neither a codefendant, an accomplice, nor incapable. It is quite likely that the state could have obtained her in-court testimony about the events that transpired before the officer arrived. Second, the state may very well have believed that it was unnecessary to do so based on statements made by defendant's attorney during the pretrial motions hearing. He stated that he had informed defendant that

> "there'll be a trial scheduled where the officer will testify because one of the things [defendant] is saying is that he didn't do anything. And I said if the officer testifies he can then hear what the witness's testimony against him would be."

This statement is not, as the state argues, sufficient to constitute a waiver of defendant's confrontation rights. *See State v. Ramirez*, 205 Or App 113, 120, 133 P3d 343, *adh'd to on recons*, 207 Or App 1 (2006), *rev allowed*, 342 Or 256 (2007) (to infer that a defendant waived a right "[t]here must be at least some evidence that the defendant knew of the nature of the right"). Nor is it precisely an invitation to err. However, the statement could have led the court and the prosecutor mistakenly to believe that it was not necessary to call G. All things considered, we conclude that this is not a case in which we should exercise our discretion to review the unpreserved claim of error.

In defendant's second assignment of error, he argues that the trial court erred in imposing consecutive sentences without making the findings required by ORS 137.123(5):

"The court has discretion to impose consecutive terms of imprisonment for separate convictions arising out of a continuous and uninterrupted course of conduct only if the court finds:

"(a) That the criminal offense for which a consecutive sentence is contemplated was not merely an incidental violation of a separate statutory provision in the course of the commission of a more serious crime but rather was an indication of defendant's willingness to commit more than one criminal offense; or

"(b) The criminal offense for which a consecutive sentence is contemplated caused or created a risk of causing greater or qualitatively different loss, injury or harm to the victim or caused or created a risk of causing loss, injury or harm to a different victim than was caused or threatened by the other offense or offenses committed during a continuous and uninterrupted course of conduct."

Defendant did not object to the imposition of consecutive sentences at the time of sentencing. In *Bucholz*, the Supreme Court discussed an unpreserved claim that the trial court erred in not making the requisite findings. The court held that, in such a situation where the record easily supported a finding that would justify consecutive sentences, "[t]he Court of Appeals was not required to consider the error and should not have done so." 317 Or at 321. That holding forecloses consideration of defendant's second assignment of error.

Affirmed.