Argued and submitted November 4, 2008, decision of Court of Appeals and judgment of circuit court affirmed April 16, 2009

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## PATRICK KELLY STEEN,
*Respondent on Review.*

(CC 03C40531; CA A128423; SC S055691)

206 P3d 614

Doug M. Petrina, Assistant Attorney General, Salem, argued the cause and filed the brief for petitioner on review. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Anne Fujita Munsey, Deputy Public Defender, Salem, argued the cause and filed the brief for respondent on review. With her on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

WALTERS, J.

**WALTERS, J.**

In this criminal case, we determine the reviewability on appeal of defense counsel's deliberate decision at trial not to object to otherwise excludable hearsay testimony.

Before the Court of Appeals, defendant claimed that admission of testimonial hearsay, to which he had not objected at trial, violated his right to confront adverse witnesses under the Sixth Amendment to the United States Constitution.[1] The Court of Appeals concluded, at the first step of its analysis, that defendant had asserted "an error of law apparent on the face of the record" that was subject to appellate review under ORAP 5.45(1).[2] However, at the second step of its analysis, after considering various factors militating for and against review, including defense counsel's trial tactics, the court exercised its discretion to decline review and affirmed defendant's conviction. *State v. Steen*, 215 Or App 635, 641-42, 170 P3d 1126 (2007). Although satisfied with that disposition, the state sought review in this court and asserted that it was aggrieved by the methodology that the Court of Appeals had followed. *See* ORS 2.520 (providing "party aggrieved by a decision of the Court of Appeals may petition the Supreme Court for review"); *State v. Snyder*, 337 Or 410, 415-20, 97 P3d 1181 (2004) (concluding that state may petition for review because of impact on future cases even if state obtained favorable disposition).

We allowed review to consider the state's contention that counsel's failure to object at trial precluded the Court of Appeals from finding error at step one of its analysis, thereby obviating the need for its exercise of discretion at the second step. We conclude that, because the record demonstrates that defense counsel made a deliberate choice not to object to the

---

[1] The Sixth Amendment to the United States Constitution provides, in part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him[.]"

[2] ORAP 5.45(1) provides, in part:

"No matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court and is assigned as error in the opening brief in accordance with this rule, *provided that the appellate court may consider an error of law apparent on the face of the record.*"

(Emphasis added.)

admission of the hearsay testimony, defendant's claim of error was not subject to appellate review, and the Court of Appeals should not have conducted an analysis of whether defendant's claim met the terms of ORAP 5.45(1).

The parties do not dispute the relevant facts. The state charged defendant with first-degree robbery, first-degree burglary, and two counts of second-degree assault. At a pretrial hearing, defendant waived his right to a jury trial, and the state, the court, and defense counsel all agreed that, if defendant were guilty of the crimes alleged, then he "should go to the State Hospital rather than to prison." Cognizant of that potential disposition, the parties agreed to proceed by having the court conduct a brief bench trial at which the state would present its case through the testimony of the officer at the scene. That would permit defendant, who could not remember what had happened on the night in question, as defense counsel phrased it, to "hear what the witnesses' testimony against him would be."

Two people testified at trial: defendant and the officer who arrested him. The officer testified that, when he responded to a call from the victim's apartment, he found the victim, a female, in an agitated state and her clothing ripped. Defendant was sitting on a couch, and a male, Newton, was standing over him. When the officer asked Newton to explain the situation, defendant picked up a wooden dowel and struck Newton on the side of the head. The officer subdued defendant and placed him under arrest. The officer testified that he told Newton to leave the scene and, afterwards spoke to the victim, who relayed her version of the events that had led to the summons of the officer.

Without objection by defendant, the officer then testified to the events as the victim had described them to him. According to the officer's testimony, the victim awoke in the middle of the night to loud banging at her apartment door. When she opened the door, defendant, who was a neighbor, began to yell and demand marijuana. The victim told defendant that she did not have and could not sell marijuana; defendant forced his way into the apartment and attacked the victim with the dowel. Defendant used the dowel to hold the victim down and bit her more than once. Returning to his

personal observations, the officer testified that he had seen several injuries on the victim that were consistent with the events that she had described to him.

When defendant took the stand, his testimony diverged from that of the officer. Defendant told the court that he had been disturbed by noise coming from the victim's apartment and went over there to complain. The victim beckoned him to enter, and although he did not recall what happened thereafter, he felt certain that he did not strike the victim or Newton.

The court convicted defendant on all counts, but determined that, because he was unable to conform his behavior to the law, he was not legally responsible for his acts. ORS 161.295.[3] The court imposed four consecutive 15-year sentences and committed defendant to the jurisdiction of the Psychiatric Security Review Board.

■ On appeal to the Court of Appeals, defendant argued for the first time that the officer's testimony about what the victim had reported had violated defendant's federal constitutional right to confront and cross-examine the victim.[4] The state argued that the rules of appellate procedure precluded defendant's argument. ORAP 5.45(1) provides that "no matter claimed as error will be considered on appeal unless the claimed error was preserved in the lower court." However, that rule includes an exception: "the appellate court may consider an error of law apparent on the face of the record."[5]

---

[3] ORS 161.295 provides, in part:

"A person is guilty except for insanity if, as a result of mental disease or defect at the time of engaging in criminal conduct, the person lacks substantial capacity either to appreciate the criminality of the conduct or to conform the conduct to the requirements of the law."

[4] On appeal, defendant also asserted that the trial court had erred in imposing consecutive sentences without making the findings required by ORS 137.123(5). The Court of Appeals held that assertion to be without merit. *Steen*, 215 Or App at 637. Defendant does not seek review of that issue.

[5] The reference in ORAP 5.45(1) to the "face" of the record traces back to some of the earliest published rules of this court. *See* Rule 12 (plain error) of Rules of the Supreme Court, 100 Or 742, 749 (1921). In earlier times, rather than review the entire record, the court reviewed a written abstract of the record prepared by the appellant, which by rule was required to include whatever specific assignments of error the appellant wanted to raise, along with the parts of the record necessary to consider them. *See generally Redseker v. Wade*, 69 Or 153, 159, 138 P 485 (1914) (discussing *former* Rules 11 and 12 of the Oregon Supreme Court pertaining to

Defendant argued that his claim of error was subject to review pursuant to that exception.

Before analyzing the reviewability of the federal constitutional issue that defendant assigned as error on appeal, the Court of Appeals, *sua sponte*, applied the "first-things-first" doctrine and considered state constitutional and subconstitutional issues before addressing the federal constitutional claim. *Steen*, 215 Or App at 639. Specifically, the Court of Appeals first considered whether the officer's testimony plainly violated either the Oregon Evidence Code or the Oregon Constitution. The court determined that the testimony did not violate the rules of evidence because it was at least plausible that a trial court could admit the testimony as an excited utterance under the hearsay exception stated in OEC 803(2). *Steen*, 215 Or App at 639. However, the court determined that an objection premised on the right to confrontation under Article I, section 11, of the Oregon Constitution would have been sustained, had it been asserted at trial, because the record "indisputably demonstrate[d] that, as a matter of law, the state failed to prove [the victim's] unavailability."[6] Therefore, the court concluded at the first step of the analysis set forth in *Ailes v. Portland Meadows*

---

assignments of error and written abstracts of record). The abstract of record apparently served as the "face" of the record for purposes of the court's review.

Under our current procedures, an appellant no longer prepares a written abstract of record. Instead, in the notice of appeal, the appellant designates either all or parts of the trial court proceedings to be included in the record, which is then transmitted from the trial court to the appellate court. *See* ORAP 2.05(6) (party is free to designate in the notice of appeal whatever parts of the proceedings and exhibits are to be included in the record on appeal); ORAP 2.05(7) (party must specify in the notice of appeal those points on which the party will rely only if the party has not designated the entire record of the proceedings as the record on appeal). The continued reference in ORAP 5.45(1) to the "face" of the record no longer serves a purpose and is surplus verbiage. Therefore, throughout this opinion, unless we are quoting the rule in its current form, we refer to the exception as one that requires an error to be "apparent on the record." The court anticipates that, when the rules are next amended in the ordinary course, ORAP 5.45(1) will be revised accordingly.

[6] Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; *to meet the witnesses face to face*, and to have compulsory process for obtaining witnesses in his favor * * *."

(Emphasis added.)

*Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991), that defendant had demonstrated, on appeal, an error of law apparent on the record. *Steen*, 215 Or App at 639-40.

The court then proceeded to the second step of the *Ailes* analysis and considered various factors in deciding whether to exercise its discretion to review defendant's claim of error. Militating against review were the defense strategy and its possible effect on the state's decision not to call the victim as a witness. The court explained:

> "First, there is a significant chance that, had defendant objected, the state would have been able to prove its case by other means. Although * * * the record does not disclose anything about [the victim's] availability, it is clear that she was neither a codefendant, an accomplice, nor incapable. It is quite likely that the state could have obtained her in-court testimony about the events that transpired before the officer arrived. Second, the state may very well have believed that it was unnecessary to do so based on statements made by defendant's attorney during the pretrial motions hearing."

*Id.* at 641. The court concluded that it would not review the unpreserved claim of error and affirmed defendant's conviction. *Id.* at 641-42.

The state petitioned for review, asking us to rule that the Court of Appeals had erred in affirming defendant's conviction at the second, rather than at the first, step of the *Ailes* analysis. The state also sought a ruling that the court had erred in applying the "first-things-first" doctrine to a claim that had not been asserted at trial. We allowed the state's petition.

The state first argues that an unpreserved Confrontation Clause claim of error never can meet the requirements of the first step of the *Ailes* analysis and qualify as error apparent on the record because, when a defendant does not object to hearsay testimony at trial, the trial court is entitled to assume that the defendant has waived his or her right to confront the witness. Alternatively, the state contends, a defendant who does not object to hearsay at trial may have chosen for strategic reasons to have the

hearsay testimony admitted. The state argues that competing inferences about a defendant's strategy foreclose a reviewing court from concluding, in that circumstance, that there is error apparent on the record under ORAP 5.45(1). We consider each of the state's arguments in turn.

■ To the state's argument that a defendant who fails to object at trial necessarily waives his or her right to confrontation, defendant responds that the constitutional right of confrontation cannot be waived by silence; that, absent an on-the-record waiver, the trial court must assume that the defendant intends to assert that right; and that, without such waiver, admission of the declarant's testimony is always error.

In a few specific instances, the concept of waiver has figured into this court's preservation analysis. Those instances involve constitutional rights that a defendant may assert for the first time on appeal, provided that the defendant has not waived those rights at trial and done so expressly, on the record.

■ The first of those rights is the right to jury trial in a criminal case set forth in Article I, section 11, of the Oregon Constitution, which this court addressed in *State v. Barber*, 343 Or 525, 173 P3d 827 (2007).[7] In *Barber*, although the defendant's lawyer orally had agreed to try the case to the court on stipulated facts, defendant sought review on appeal, arguing that his conviction by the court had violated his constitutional right to a trial by jury. *Id.* at 527-28. Because the unique wording of Article I, section 11, requires that the accused's election to waive trial by jury be in writing, and the record did not reveal that the defendant had executed a written jury waiver, this court concluded that the defendant was entitled to assert his unpreserved claim of error on appeal. *Id.* at 530.

---

[7] Article I, section 11, of the Oregon Constitution provides, in part:

"In all criminal prosecutions, the accused shall have the right to public trial by an impartial jury * * * any accused person, in other than capital cases, and with the consent of the trial judge, may *elect to waive trial by jury and consent to be tried by the judge of the court alone, such election to be in writing*[.]"

(Emphasis added.)

■■ There are also instances in which, in the absence of a waiver, a defendant in a criminal case may assert, for the first time on appeal, the violation of the right to counsel under the federal and state constitutions. *See State v. Meyrick*, 313 Or 125, 831 P2d (1992) (holding that unless trial court record discloses that unrepresented defendant knew of right to counsel and intentionally relinquished right, defendant may assert violation of right to counsel on appeal). In such cases, a defendant does not relinquish the right to counsel or the opportunity to raise a violation of that right on appeal unless the record demonstrates that the defendant expressly waived the right to counsel and that the waiver was voluntary, knowing, and intelligent. The reviewing court will not presume a waiver of the right to counsel from a silent record. *Id.* at 132.

In this case, defendant argues that his federal constitutional right of confrontation also is a right that he may assert on appeal, unless the record discloses that he entered an express, knowing waiver of that right. Defendant cites *Boykin v. Alabama*, 395 US 238, 89 S Ct 1709, 23 L Ed 2d 274 (1969), for that proposition. In *Boykin*, the United States Supreme Court held that, when a defendant pleads guilty, the trial court has a duty to make a record that the defendant knowingly and voluntarily waived the right to jury trial, including those attendant rights that the defendant would be entitled to assert at trial—*viz.*, the right against self-incrimination and the right to confront witnesses. *Id.* at 243. However, the Court did not hold that, when a defendant asserts the right to a jury trial and obtains its benefits, the defendant can waive the right to confront witnesses during the course of that trial only if the defendant does so explicitly and on the record. The Court has not ruled that the federal constitution requires, in that circumstance, an on-the-record waiver of the right to confrontation. *See Freytag v. Commissioner*, 501 US 868, 894 n 2, 111 S Ct 2631, 115 L Ed 2d 764 (1991) (Scalia, J., concurring) (citing *United States v. Whitten*, 706 F2d 1000, 1018 n 7 (9th Cir 1983), *cert den*, 465 US 1100 (1984) (declining to review on appeal Confrontation Clause objection not preserved at trial)); *see also Loggins v. Frey*, 786 F2d 364, 367-68 (8th Cir 1986), *cert den*, 479 US

842 (noting that, "absent exceptional circumstances, a defendant is bound by the tactical decision[ ] of competent counsel" not to assert confrontation right).

█ A trial court typically determines one time, before trial begins, whether a defendant has made an informed decision to waive the right to jury trial or counsel. Generally, the right to confront witnesses is not similarly discrete. At the outset of trial, a defendant may not know that the state intends to offer the testimony of a declarant through the testimony of another witness or by use of an exhibit. If the state offers hearsay evidence during trial, the defendant may wish to insist on his or her right to cross-examine one declarant, yet be content to allow the testimony of other declarants to enter the record by other means. Neither the wording of the state or federal constitutions, nor existing precedent, provides that the right to confrontation can be waived only explicitly on the record—and with ample reason. Such a requirement would be unduly burdensome and disruptive to the pace and dynamic process of the typical trial.

█ We decline to hold that a defendant's silence in the face of hearsay testimony *ipso facto* establishes a violation of the right of confrontation, as defendant urges. But we also are unwilling to adopt the converse conclusion for which the state advocates. "A waiver is the intentional relinquishment or abandonment of a known right or privilege," *Meyrick*, 313 Or at 132, and must be made "intelligently and knowingly," *State v. Gullings*, 244 Or 173, 182, 416 P2d 311 (1966). Silence in the face of hearsay evidence does not establish that a defendant knows of his or her right to confront the declarant or that the defendant intentionally has relinquished that right. A trial court therefore is not entitled to assume a defendant's waiver of the right of confrontation solely from a defendant's failure to object to hearsay testimony. Thus, in this case, defendant's failure to object to the officer's testimony did not, in and of itself, amount to a waiver of his constitutional right of confrontation.

█ The state's alternative argument is not that a silent record establishes waiver, but that, by remaining silent, a defendant "forfeits" the right to appeal an unpreserved claim of evidentiary error. In this context, forfeiture is defined as

"[t]he loss of a right, [or] privilege * * * because of a * * * neglect of duty." *Black's Law Dictionary* 677 (8th ed 2004).[8] The state contends that, by failing to object to excludable evidence at trial, a defendant fails to fulfill the duty of preservation and that the exception to that duty found in ORAP 5.45(1) never can apply to unpreserved evidentiary error. The state contends that a defendant never can establish the requirement at step one of the *Ailes* analysis that the error asserted be one apparent on the record because a reviewing court is faced with competing inferences as to whether silence in the face of otherwise excludable evidence indicates a deliberate choice or a potentially prejudicial mistake. In support of its position, the state cites *State v. Gornick*, 340 Or 160, 130 P3d 780 (2006) (declining review of unpreserved objection to decision-making by trial court rather than by jury), and *State v. Perez*, 340 Or 310, 318, 131 P3d 168 (2006) (stating that competing inferences regarding defendant's strategy entailed the conclusion of no apparent error), in support of its position.

In the past, this court generally has declined to review unpreserved evidentiary objections. However, the court has not adopted the rationale that the state urges, but instead has assumed the existence of evidentiary error and declined review as an exercise of its discretion. *See, e.g., State v. Cox*, 337 Or 477, 500, 98 P3d 1103 (2004) (assuming, but not deciding, that admitting hearsay statements was error, but declining to exercise discretion to reach the issue); *State v. Walton*, 311 Or 223, 241, 809 P2d 81 (1991) (declining to

---

[8] Justice Scalia noted the difference between waiver and forfeiture in his concurring opinion in *Freytag*, 501 US at 894-95 n 2 (Scalia, J., concurring):

"The Court uses the term 'waive' instead of 'forfeit,' * * *. The two are really not the same, although our cases have so often used them interchangeably that it may be too late to introduce precision. Waiver, the 'intentional relinquishment or abandonment of a known right or privilege,' *Johnson v. Zerbst*, [304 US 458, 464, 58 S Ct 1019, 1023, 82 L Ed 1461 (1938)], is merely one means by which a forfeiture may occur. Some rights may be forfeited by means short of waiver, *see, e.g., Levine v. United States*, [362 US 610, 619, 80 S Ct 1038, 4 L Ed 2d 989 (1960)] (right to public trial); *United States v. Bascaro*, [742 F2d 1335, 1365 (11th Cir 1984) *cert den sub nom Hobson v. United States*, 472 US 1017)] (right against double jeopardy); [*Whitten*, 706 F 2d at 1018 n 7] (right to confront adverse witnesses) * * *, but others may not, *see, e.g., Johnson, supra* (right to counsel); *Patton v. United States*, [281 US 276, 312, 50 S Ct 253, 74 L Ed 854 (1930)] (right to trial by jury). A right that cannot be waived cannot be forfeited by other means (at least in the same proceeding), but the converse is not true."

consider unpreserved Confrontation Clause claim); *State v. King*, 307 Or 332, 338, 768 P2d 391 (1989) (declining to consider unpreserved evidentiary claims). In fact, this court has considered unpreserved evidentiary error to be reviewable on appeal in at least one case, *State v. Bouse*, 199 Or 676, 708-10, 264 P2d 800 (1953), *overruled on other grounds by State v. Fischer*, 232 Or 558, 376 P2d 418 (1962) (determining that trial court committed reversible error when it failed to exclude on its own motion "extremely prejudicial and * * * inadmissible" testimony); *see also* OEC 103(4) (noting that the rules of evidence do not preclude courts from "taking notice of plain errors affecting substantial rights although they were not brought to the attention of the court").

The state presents this case as an appropriate vehicle for us to decide, or reconsider, the methodology that should be used when a defendant urges evidentiary error on appeal, but remained silent at trial. However, the record before us discloses not only that defendant failed to object to testimonial hearsay when it was presented, but also that defense counsel stipulated to the procedure that the state and the trial court followed. In this case, the record does not present an opportunity for us to address the role that silence plays in reviewability, because defendant's trial strategy registers on the record *fortissimo*.

■ Defendant testified that he could not remember what had happened on the night in question, but he also refused to admit that he had committed the wrongs alleged. Nevertheless, defendant's counsel and the state agreed that defendant's mental condition had prevented him from conforming his behavior to the law and that he should be sentenced to the state hospital. Therefore, the parties agreed that they would proceed to that disposition by participating in a brief bench trial and utilizing the following procedure: The state would establish defendant's acts through the testimony of the officer; defendant would not admit that he had committed those acts, but would gain the benefit of the sentence offered by the state. At the pretrial motions hearing, defense counsel stated that he had informed defendant that

> "there'll be a trial scheduled where the officer will testify because one of the things [defendant] is saying is that he

didn't do anything. And I said if the officer testifies he can then hear what the witnesses' testimony against him would be."

Although the record in this case does not disclose that defendant himself knew of his constitutional right to confront the victim and intentionally relinquished it, it certainly establishes that counsel for defendant made a strategic decision to permit the officer's hearsay testimony. Just as an individual defendant may intentionally relinquish, and thereby waive, on the record, a constitutional right, so may defense counsel state, on the record, a deliberate decision to have evidence admitted that otherwise could be excluded. In both instances, the defendant is precluded from claiming the benefit of the exception to the rule of preservation, not by failing to preserve an objection, but by affirmatively establishing that the procedure the court followed was not objectionable to defendant.

 There is nothing unlawful about the admission of hearsay evidence, even in a criminal case where the constitution affords a right of confrontation. A lawyer's deliberate decision not to require that a witness testify in person at trial may benefit the defendant in many circumstances.[9] For instance, an adverse declarant's testimony may have a more persuasive effect in person than it would when relayed by a third party. Or, a defendant may not contest the testimony of the declarant, and, in that circumstance, defense counsel may wish to avoid the time and attention that in-person testimony would entail. When the record discloses, as it does here, that a lawyer for a defendant has made an explicit decision not to make an evidentiary objection that otherwise could have been asserted, reviewing courts will not provide refuge from that deliberate choice on direct appeal.

The Court of Appeals was presented with a record that demonstrated that defendant's counsel had chosen the evidentiary approach to which defendant objected on appeal.

---

[9] If a defendant takes issue with defense counsel's deliberate decisions, post-conviction proceedings may provide the defendant with a forum to demonstrate that counsel provided ineffective assistance. See Trujillo v. Maass, 312 Or 431, 434-35, 822 P2d 703 (1991) (describing requirements necessary to obtain post-conviction relief on basis of ineffective assistance of counsel).

In that circumstance, the Court of Appeals simply should have stated that it would not review on appeal the admission of hearsay evidence to which counsel had assented at trial. There was no need for the Court of Appeals to analyze whether the claimed error met the requirements of the exception to the rule of presentation found in ORAP 5.45(1).[10]

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[10] Because we decide that the Court of Appeals should not have conducted an analysis of whether the threshold requirements of ORAP 5.45(1) were met, we do not consider whether its use of the first-things-first methodology was appropriate.