Argued and submitted January 30, reversed and remanded May 27, 2009

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

GEORGE ARTHUR HAGGBLOM, JR.,
*Defendant-Appellant.*

Jackson County Circuit Court
064705DV; A135744

208 P3d 1033

Kristin Carveth, Deputy Public Defender, argued the cause for appellant. With her on the brief was Peter Gartlan,

Chief Defender, Legal Services Division, Office of Public Defense Services.

Ryan Kahn, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Armstrong, Presiding Judge, and Brewer, Chief Judge, and Carson, Senior Judge.*

BREWER, C. J.

---

* Brewer, C. J., *vice* Wollheim, J.

## BREWER, C. J.

Defendant appeals his conviction for fourth-degree assault, arguing, as pertinent to our disposition here, that admission into evidence of the victim's tape-recorded interview with a police officer violated his right to confrontation under *Crawford v. Washington*, 541 US 36, 124 S Ct 1354, 158 L Ed 2d 177 (2004). We reverse and remand.

The salient facts are few. The state alleged that defendant had assaulted the victim on two consecutive days, and it proffered into evidence a statement that the victim made to a friend, J, as well as a tape-recorded statement that the victim made to a police officer after the second assault. J testified at a pretrial hearing that she had met with the victim about three hours after the second assault. The victim told J that, earlier that evening, defendant had kicked in the door of the shed that he shared with the victim and punched her several times in the face. The victim also told J that defendant had attacked her the previous day, bending her hand backward, pinching her nose, and hitting her in the face. After hearing the victim's report, J contacted the police. Approximately three hours later, the responding officer questioned the victim, made an audio recording of her response, and photographed her injuries. The officer also questioned defendant and recorded his statements on the same audiotape.

In her recorded statement, the victim recounted the circumstances of the two assaults, repeating what she had told J and giving additional detail regarding her relationship with defendant. Defendant objected to the admission of the victim's statement, arguing that admitting it would violate his right to confrontation under *Crawford*.[1] The trial court

---

[1] Defendant also objected to J's testimony, arguing that that testimony was insufficient to show that the victim was still under the stress of the second assault when she made her statements and, thus, that her statement could not qualify as an "excited utterance" under OEC 803(2). Defendant assigns error to the trial court's admission of the victim's statement to J, renewing his argument before the trial court. Because we reverse on the ground that admission of the victim's statement violated defendant's right to confrontation, we need not address that assignment.

overruled defendant's *Crawford* objection and admitted the victim's recorded statement under OEC 803(26).[2]

At trial, the recorded statement was played for the jury and, because it was difficult to hear, the court allowed the officer to summarize the victim's statement. The officer repeated, in a condensed form, the same facts that J had related by recounting the victim's hearsay statement. Defendant objected to the officer's summary, arguing that it was cumulative to J's testimony and that it was hearsay. The trial court overruled those objections. Defendant was convicted by the jury, and this appeal followed.

■ Defendant renews his arguments before this court.[3] In response, the state concedes that the admission of the victim's recorded statement violated defendant's confrontation right, but asserts that the error was harmless because the victim's recorded statement was cumulative of J's testimony, and because the jury also had before it a number of photographs depicting the victim's injuries along with defendant's recorded statement in which he denied striking the victim and claimed that she had attacked him.

In *Crawford*, the Supreme Court held that the confrontation right guaranteed by the Sixth Amendment to the United States Constitution requires that "testimonial" hearsay from an unavailable declarant be excluded unless the defendant had a previous opportunity to cross-examine the declarant. 541 US at 68. As noted, the state concedes—and we agree—that admission of the victim's recorded statement

---

[2] OEC 803(26)(a) is an exception to the hearsay rule for particular statements relating to crimes of domestic violence. The rule provides an exception for:

"A statement that purports to narrate, describe, report or explain an incident of domestic violence, as defined in ORS 135.230, made by a victim of the domestic violence within 24 hours after the incident occurred, if the statement:

"(A) Was recorded, either electronically or in writing, or was made to a peace officer as defined in ORS 161.015, corrections officer, youth correction officer, parole and probation officer, emergency medical technician or firefighter; and

"(B) Has sufficient indicia of reliability."

[3] Defendant also raises, for the first time on appeal, the assertion that the state failed to prove that the victim was unavailable to testify. Defendant concedes that the issue is unpreserved but urges that we review it as plain error. We need not address that issue because our resolution of defendant's other *Crawford*-based assignment of error is dispositive.

violated defendant's confrontation right. Accordingly, the only question remaining is whether that error was harmless.

■■ Whether the trial court's failure to accord a federal constitutionally guaranteed right to a criminal defendant was harmless is a question of federal law. *State v. Cook*, 340 Or 530, 543-44, 135 P3d 260 (2006) (citing *Chapman v. California*, 386 US 18, 21, 87 S Ct 824, 17 L Ed 2d 705 (1967)). Such a deprivation of a federal constitutional right is harmless only when the reviewing court, in examining the record as a whole, can say, beyond a reasonable doubt, that the error did not contribute to the determination of guilt. *Chapman*, 386 US at 24. On this record, we cannot say that admission of the victim's recorded statement was harmless beyond a reasonable doubt.

This case is similar to *State v. Pitt (A120428)*, 209 Or App 270, 147 P3d 940 (2006), *adh'd to on recons*, 212 Or App 523, 159 P3d 329 (2007). In *Pitt (A120428)*, the defendant made a *Crawford* challenge to the admission of videotaped statements of two victims. We concluded that the videotapes, which were admitted in violation of the defendant's right to confrontation, "very likely played a significant role in the jury's deliberations," because the state's entire case depended on evidence contained in statements from the victims, "whose credibility was the linchpin of the case." 209 Or App at 280. Accordingly, "the videotapes * * * served [the] unique and potentially critical purpose of allowing the jury to gauge first-hand the credibility of the children and address the veracity of their accusations." *Id.* On reconsideration, we rejected the state's argument that the error was harmless because the victims' recorded statements merely duplicated the hearsay testimony of two evaluators who related statements that the victims made to them. In doing so, we reiterated the unique quality of the videotapes in allowing the jury to gauge, firsthand, the credibility and veracity of the victims. *Pitt (A120428)*, 212 Or App at 527.

Here, although the trial court admitted into evidence photographs of the victim's injuries, only her statements connected those injuries to defendant's conduct. Aside

from the victim's hearsay statement related by J and the victim's recorded statement, the state presented no other evidence showing that defendant had inflicted the victim's injuries.[4] On another portion of the tape, defendant denied ever striking the victim. The state argues that the jury would have disregarded those statements and convicted defendant anyway in light of the photographs, but that speculative possibility is not enough to render admission of the victim's own recorded statement harmless. Like the videotape in *Pitt (A120428)*, the victim's recorded statement in this case allowed the jury to gauge her veracity and credibility. Despite the state's argument that the victim's statement was merely duplicative of J's hearsay testimony, here, as in *Pitt (A120428)*, the jury was presented with the victim's own testimony—in her own voice—on the tape, and, it is likely that the recorded statement played a significant role in the jury's deliberations. Accordingly, we cannot conclude that admission of the recording in violation of defendant's right to confrontation was harmless beyond a reasonable doubt.

Reversed and remanded.

---

[4] In closing, the prosecutor argued that

"this Defendant caused physical injury by bending the hand back, by pinching the nose, and by punching the victim in the face, and we know that because of the evidence that is offered. We know that because of the pictures. You can disregard, if you would like, the testimony of both parties. We have the pictures. *We have the statement.* And then what are we left with? We are left with a * * * suggestion from the Defendant this claim of self-defense. * * * So the story [of defendant's self-defense claim] is not adding up. What is adding up is that we see physical injury. We see the bending back; we see the pinched nose; we see the punch to the face."

(Emphasis added.) As is apparent, the prosecutor focused heavily on the photographs of the victim's injuries for the negative inference that defendant lacked a valid claim of self-defense. What is also apparent, however, is that the prosecutor identified no other evidence apart from the victim's own statement that connected defendant to the injuries the victim suffered.