Submitted February 28, reversed and remanded April 18, 2012

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL SHAWN PEKAREK,
*Defendant-Appellant.*

Yamhill County Circuit Court
CR060308; A143782

277 P3d 594

Peter Gartlan, Chief Defender, and Robin A. Jones, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant. Michael Shawn Pekarek filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Matthew J. Lysne, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Edmonds, Senior Judge.

PER CURIAM

Edmonds, S. J., dissenting.

**PER CURIAM**

Defendant appeals a judgment of conviction for three counts of first-degree sexual abuse, ORS 163.427, and one count of second-degree unlawful sexual penetration, ORS 163.408. He asserts that, in the absence of supporting physical evidence, the trial court erred in admitting evidence that the complainant had been diagnosed as having been sexually abused.[1] *See State v. Southard*, 347 Or 127, 218 P3d 104 (2009). Although defendant acknowledges that he did not preserve that issue before the trial court, he contends that the admission of the diagnosis was plain error under *Southard*. *See* ORAP 5.45(1).[2] We agree.

Since *Southard*, this court has repeatedly held that, in the absence of supporting physical evidence, a trial court's admission of a diagnosis of sexual abuse is plain error. *See, e.g.*, *State v. Feller*, 247 Or App 416, 419, 269 P3d 110 (2011); *State v. Clay*, 235 Or App 26, 30, 230 P3d 72 (2010) ("[T]he trial court's admission, following *Southard*, of a medical expert's diagnosis of child sexual abuse in the absence of physical evidence satisfies the requisites for 'plain error' under ORAP 5.45(1)[.]"). We are not persuaded by the state's contention that we should do otherwise in this case. *See Feller*, 247 Or App at 421 ("At the time of the trial in this case, which occurred before *Southard* was decided, this type of diagnosis evidence was understood to be admissible."); *State v. Volynets-Vasylchenko*, 246 Or App 632, 267 P3d 206 (2011) (even where diagnosis itself was not admitted into evidence, the trial court committed plain error under *Southard* in admitting, in the absence of physical evidence, treatment recommendations that implied a diagnosis had been rendered). Accordingly, we conclude that the trial court plainly erred in admitting the diagnosis and, for the reasons set forth in *State v. Merrimon*, 234 Or App 515, 522, 228 P3d 666 (2010), and *State v. Lovern*, 234 Or App 502, 513-14, 228

---

[1] We reject without discussion defendant's assignments of error raised in his *pro se* supplemental brief.

[2] Pursuant to ORAP 5.45(1), "[n]o matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court * * *, provided that the appellate court may consider an error of law apparent on the record."

P3d 688 (2010), we exercise our discretion to correct that error.

Reversed and remanded.

**EDMONDS, S. J.,** dissenting.

The majority holds, based on the doctrine of error apparent on the face of the record, that the trial court erred when it admitted evidence that the complaining witness had been diagnosed as having been sexually abused. ORAP 5.45(1); *State v. Southard*, 347 Or 127, 218 P3d 104 (2009) (holding that, in the absence of supporting physical evidence, it is error under some circumstances to admit expert opinion evidence of sexual abuse).[1] I respectfully disagree with the majority's holding for the reasons explained below.

The state argues that defendant's claim of error should not be reviewed under the "plain error" exception to the requirement of preservation, relying on *State v. Steen*, 346 Or 143, 206 P3d 614 (2009). In *Steen*, the court held that, where a reviewing court is presented with a record that demonstrates that the defendant's trial court counsel made a deliberate choice not to object, the defendant's claim of error on appeal is not subject to appellate review. *Id.* at 155. The court explained:

"[T]he Court of Appeals simply should have stated that it would not review on appeal the admission of hearsay evidence to which counsel had assented at trial. There was no need for the Court of Appeals to analyze whether the claimed error met the requirements of the exception to the rule of presentation found in ORAP 5.45(1)."

*Id.* at 156. The state relies on the following circumstances in support of its argument.

Although defendant makes a single assignment of error, it could be argued that evidence of a diagnosis of sexual

---

[1] In *Southard*, the court was careful to point out that its holding was confined to the circumstances of that case and that "[t]he state has not argued that the admission of that evidence was harmless." 347 Or at 143. In contrast, for a court to consider a claim of error as error apparent on the face of the record, the court must engage in the two-step process set out in *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 823 P2d 956 (1991), which includes a consideration of the prejudicial effect, if any, of the erroneously admitted evidence.

abuse by an expert witness was admitted twice in this case—through the testimony of Michelle Warner, a child forensic interviewer, who had interviewed the complaining witness, and through the evaluation report of Dr. Margaret Miller, which contained a diagnosis of sexual abuse. Miller was not called as a witness. Warner testified, and, during her testimony, a videotape of her interview with the complaining witness was viewed by the jury. Thereafter, Miller's report was offered into evidence. Miller's report stated, in part:

> "Diagnosis: A diagnosis of child sexual abuse is made today. This is based on a normal physical exam but the child gives a clear, spontaneous, consistent and detailed description of the abuse. Although her disclosure varies somewhat on the severity of the abuse on the second and third times on today's interview, I think she may be minimizing her disclosure as she clearly told me before the interview she did not want to discuss it further and made that fairly clear in her body language during the interview."

When the report was offered into evidence by the state, defense counsel told the court "[n]o objection."

Defense counsel's response to the state's offer of Miller's report constitutes a deliberate choice to allow evidence of a diagnosis of sexual abuse to be admitted without objection into evidence that otherwise was subject to exclusion. As the court explained in *Steen*,

> "[t]here is nothing unlawful about the admission of hearsay evidence, even in a criminal case where the constitution affords a right of confrontation. A lawyer's deliberate decision not to require that a witness testify in person at trial may benefit the defendant in many circumstances. For instance, an adverse declarant's testimony may have a more persuasive effect in person than it would when relayed by a third party. Or, a defendant may not contest the testimony of the declarant, and, in that circumstance, defense counsel may wish to avoid the time and attention that in-person testimony would entail. When the record discloses, as it does here, that a lawyer for a defendant has made an explicit decision not to make an evidentiary objection that otherwise could have been asserted, reviewing courts will not provide refuge from that deliberate choice on direct appeal."

346 Or at 155 (footnote omitted). The majority errs under *Steen* when it holds that the failure of the trial court *sua sponte* to strike Miller's report from evidence was error apparent on the face of the record in light of defendant's representation to the court that he had no objection to the exhibit.[2]

I now turn to the admission of Warner's testimony. Warner testified that she participated in the interview portion of the examination of the complaining witness after the medical portion of the examination by Miller had been completed. Thereafter, the videotape of Warner's interview with the witness was played for the jury. The state then offered the videotape into evidence, to which defendant had no objection. Warner then testified that, after the interview, she and Miller met with the witness's mother to provide the diagnosis that had been reached by the assessment center. Warner explained regarding that meeting:

"Q. Okay. And what was the diagnosis in this case?

"A. The diagnosis was child sexual abuse.

"Q. And what was the basis for that diagnosis?

"A. The basis was [the complaining witness's] statements to us and to—she had also talked with Children's Services and law enforcement and had made similar statements to them. So that was the primary.

"* * * * *

"Q. And so you indicated that there was a diagnosis of child sex abuse.

"A. Yes."

_____

[2] This case was tried nearly two years *before Southard* was decided. Defendant relies on the holding in *State v. Jury*, 185 Or App 132, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003), to "bootstrap" his argument that the trial court plainly erred by not *sua sponte* striking Warner's testimony and excluding Miller's report. *Jury* held that the question of whether an error is "obvious" is decided based on the state of the law at the time that the appeal is decided and not at the time of trial. *Id.* at 136-39. In my view, *Jury* was wrongly decided because it results in a legal fiction, *i.e.*, that plain error occurred at the time when the correct ruling required of the trial court was not obvious. Rather, I agree with the *Steen* court's approach that, "[i]f a defendant takes issue with defense counsel's deliberate decisions, post-conviction proceedings may provide the defendant with a forum to demonstrate that counsel provided ineffective assistance [by not objecting]." 346 Or at 155 n 9.

When Warner's testimony is considered in its context, her testimony describes what she and Miller indicated to the mother of the complaining witness after the examination was completed. She did not testify that, based on her expertise, the complaining witness had been sexually abused. Rather, the testimony describes her actions in relating the contents of Miller's diagnosis to a third party. That distinction is significant in light of any duty on the part of the trial court to strike Warner's testimony *sua sponte*. A comparison with the facts in *Southard* illustrates the distinction. In *Southard*, the issue was the admissibility under OEC 403 of an expert's diagnosis of sexual abuse. The court held that, under the circumstances of that case, the unfair prejudicial effect of an expert witness rendering an opinion based on the statements of a complainant in the absence of evidence of physical abuse outweighed the probative value of the testimony because a jury would likely attach too much weight to what is essentially a credibility determination by an expert. *Southard*, 347 Or at 142. Here, Warner's testimony is at best an indirect comment on the complaining witness's credibility and should not be considered as error apparent on the face of the record under *Southard*.[3]

But even if Warner's testimony constitutes "obvious" error under *Southard*, the holding in *Steen* instructs us that her testimony cannot qualify as error apparent on the face of the record if multiple competing inferences can be drawn from the record regarding a defendant's failure to object and one of those inferences is that the defendant chose not to object. *State v. McDonnell*, 343 Or 557, 571, 176 P3d 1236 (2007); *State v. Gornick*, 340 Or 160, 166-70, 130 P3d 780 (2006). Defendant's express statement that he had no objection to the admission of Miller's report into evidence gives rise to a reasonable inference that he had no objection to Warner's testimony describing the assessment contained within the report, or at least the trial court could have reasonably so concluded. It could be that defense counsel's strategy was not to object to Warner's testimony and the admission of Miller's report so as to not distract the jury from

---

[3] "It is only in rare and exceptional cases that this court will notice an alleged error where no ruling has been sought from the trial judge." *State v. Gornick*, 340 Or 160, 166, 130 P3d 780 (2006) (internal quotation marks omitted).

his effort to impeach the credibility of the complaining witness. The sequence of the above events demonstrates that defendant wanted to get the tape of the interview before the jury so that he could use the information in it to demonstrate the complaining witness's inconsistent accounts to police and other investigators. Indeed, defendant's closing argument focuses primarily on the inconsistency of the complaining witness's various accounts about what had occurred. Consequently, any objection to Warner's description of what the complaining witness's mother was told could have, in his mind, distracted the jury from focusing on those inconsistencies and thereby muddled the issue for the jury.[4]

Finally, even if the admission of Warner's testimony qualifies as error apparent on the face of the record, the error was harmless and could not have affected the jury's verdict. *See State v. Rodriguez-Castillo*, 345 Or 39, 188 P3d 268 (2008) (a court should determine the possible influence of the error on the verdict by considering the nature of the erroneously admitted evidence in the context of other evidence on the same issue). Miller's report, the report to which Warner referred in her testimony, came into evidence without objection. Importantly, the state made no direct reference to Miller's diagnosis or to Warner's testimony in closing argument except to emphasize:

"And, you are entitled to consider the bias, the motive or the interest that the person has. I think that also is an important consideration. Michele Warner referred to that when she talked about doing an assessment and how do you go about, you know, looking at what a child tells you? You look at what do they have to gain. And, in this case, I would suggest to you that all of the witnesses for the State don't have anything to gain one way or another by this case.

"* * * * *

"Michelle Warner does assessments. She has an interest in getting it right because, as she told you, there are important things that need to happen if this abuse has occurred, but there are also bad things that could happen if we incorrectly make this determination."

---

[4] In fact, the jury acquitted defendant of first-degree sodomy despite the complaining witness's testimony.

In summary, the majority's conclusion that error apparent on the face of the record exists in this case is incorrect because (1) there exists a reasonable inference that defendant wanted to use Miller's report and Warner's testimony for his own purposes; (2) Warner's testimony does not fall within the *Southard* paradigm; and (3) any error was unlikely to have affected the jury's verdict. For all of those reasons, I dissent.